■ KENNETH WHITE, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 68837.)—Harvey, J. Appeal from a judgment in favor of the State, entered April 8, 1986, upon a decision of the Court of Claims (Hanifin, J.).

Claimant, an inmate at Elmira Correctional Facility, was seriously injured when he was struck by another inmate with a lead pipe. He has made a claim against the State alleging

negligence on the part of prison officials. In a bifurcated trial, the Court of Claims concluded that the State was negligent in failing to prevent an assault against claimant, the risk of which the State was or should have been reasonably aware. However, the Court of Claims found that claimant's act of turning his back to his assailant constituted unforeseeable conduct under the circumstances and, therefore, was the superseding cause of claimant's injuries, thus relieving the State of liability based upon its prior negligence.

We concur in the finding of the Court of Claims as to the State's negligence but disagree as to its finding of a superseding cause. The doctrine of a superseding cause requires an "intermediate cause disconnected from the primary fault, and self-operating, which produced the injury" *(Milwaukee & St. Paul Ry. Co. v Kellogg,* 94 US 469, 475; *see, Leeds v New York Tel. Co.,* 178 NY 118, 121). It is clear that only extraordinary and unforeseeable events would operate to relieve the State from liability *(see, Carlock v Westchester Light. Co.,* 268 NY 345, 350; *Monell v City of New York,* 84 AD2d 717, 718). Claimant's behavior was foreseeable under the circumstances as he was "stay[ing] cool, stay[ing] away from the other inmates" as directed by a correction officer. Claimant said he so acted because he was of the belief that the correction officer had done what he had said he would do to prevent a confrontation. The assumption of a noncombative position, with the hope it might reduce the hostility of the assailant, cannot be characterized as the extraordinary and unforeseeable conduct required to constitute a superseding cause.

Judgment reversed, on the law and the facts, with costs, and matter remitted to the Court of Claims for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Weiss, Yesawich, Jr., and Harvey, JJ., concur.