■ Jose A. Martinez et al., Appellants, v State of New York, Respondent. [639 NYS2d 145] —Spain, J.

Claimant Jose A. Martinez (hereinafter claimant), while an inmate at Camp Pharsalia Correctional Facility (hereinafter the facility) in Chenango County, was injured during the course of performing electrical work on a temporary generator. Claimant maintains that he was directed to make such a repair despite his protestations that he lacked the knowledge and competency to do the work. Claimant further alleges that he was told by John Palmer, his supervisor, that there was no power coming into the live wires he ultimately touched and that it was safe to proceed. Thereafter, claimant states that he was injured as a result of an electrical shock he suffered while isolating the wires in question. Claimant and his spouse filed a notice of claim, alleging that the State acted negligently both in requiring him to perform the electrical work and in failing to provide adequate medical treatment after the incident. The Court of Claims dismissed the claim "insofar as claimants seek damages for medical malpractice". Thereafter, a trial was held on the sole issue of liability on the remaining negligence claim; claimant and his supervisor were the only two witnesses to testify at trial. In a written decision, the Court of Claims found that "[c]laimant was qualified to perform the task that he was asked to perform". The court also held that, even if claimant had not actually been qualified to perform this task, "there [was] virtually no question about the fact that he created the impression among State employees that he indeed was qualified" and, therefore, when asked to perform the electrical work, the State had every reason to believe that claimant was qualified to do so. Upon that reasoning, the Court of Claims dismissed the claim. Claimants appeal.

We affirm. Claimants contend that the State breached its

duty of care in allowing claimant to perform electrical work on the generator, and in failing to provide claimant with reasonably safe equipment, adequate warnings and instructions. The State contends, however, that it did not breach its duty of care in either regard. The record reveals that claimant disclosed to a prison counselor during an intake interview that he had worked in the electrical field. Claimant's stated experience resulted in his assignment to the facility maintenance crew as an electrician, where, prior to the day of the accident, claimant had an unblemished record. At trial, claimant admitted that he belonged to an electrical union for five years prior to his incarceration, had received vocational training in basic electricity, including courses in safety and wiring, and had received "hands on training" as an electrical helper for two years with an electrical contractor; significantly, in both his notice of claim and verified bill of particulars, claimant refers to himself as "an electrician". Claimant also testified that he told his supervisor that he was "not qualified" to perform the requested task, that his supervisor told him that the power was "off, it was dead", and that he was not given adequate tools to perform the task. Nonetheless, after he was injured, he completed the task within approximately five minutes. The supervisor testified that although he requested claimant to perform the task, he told claimant that he would complete the task if claimant did not want to. The supervisor also denied informing claimant that the power was off. To the contrary, he recalls informing claimant to stay clear of the main power side of the electrical box which was "hot".

It is a well-settled rule that, "when the State, through its correctional authorities, directs a prison inmate to participate in a work program during incarceration, it owes the inmate a duty to provide reasonably safe machinery and equipment with which to work and adequate warnings and instructions for the safe operation of such machinery and equipment" (*Kandrach v State of New York*, 188 AD2d 910, 913). However, where an inmate fails to use ordinary care and pursues a dangerous course of conduct, he or she is required to take some responsibility for his or her own negligence (*see, Carter v State of New York*, 194 AD2d 967, 968; *Hicks v State of New York*, 124 AD2d 949, 950; *Telfair v State of New York*, 87 AD2d 610). Further, while this Court's inquiry, in reviewing a verdict in a nonjury trial, is as broad as that of the trial court (*see, Mesick v State of New York*, 118 AD2d 214, 219, *lv denied* 68 NY2d 611; *Graf v State of New York*, 117 AD2d 910, 911), great deference must be accorded to the trial court's assessment of credibility, given its advantage of hearing and seeing the witnesses firsthand

(*see, Carter v State of New York, supra,* at 967; *Sciarabba v State of New York,* 182 AD2d 892, 894; *Cipriano v State of New York,* 171 AD2d 169, *lv denied* 79 NY2d 756).

We conclude that the record supports the Court of Claims' determination. It was reasonable for the court to conclude that claimant's actions, in light of his experience and training, were reckless and, therefore, a superseding cause so as to excuse the State from liability (*cf., Kandrach v State of New York, supra,* at 914). Further, claimant's contention that he was not provided with reasonably safe equipment, adequate warnings and instructions is belied by the record. Claimant's injuries were a result of his inadvertent and reckless touching of a live wire on the "hot" side of the electrical box and the evidence supports an inference that claimant was fully aware of the danger.

Finally, claimant's argument that he was forced to either work on the generator project without proper equipment or "risk penalties for insubordination" must also fail. While this Court has taken into consideration the unique circumstances facing inmates at correctional facilities with respect to assumption of risk (*see, Lowe v State of New York,* 194 AD2d 898, 899), here claimant clearly ignored a danger which he, with his asserted experience, should have foreseen (*see, Halstead v Kennedy Valve Mfg. Co.,* 36 AD2d 1005, 1007, *affd* 31 NY2d 901).

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.