■ ROBERT B. McLOUD, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 82760.) [654 NYS2d 860] —Spain, J. Appeal from an order of the Court of Claims (McNamara, J.), entered November 17, 1995, which granted the State's motion to dismiss the claim.

On January 15, 1991 claimant was working at Coxsackie

Correctional Facility in Greene County, which is owned by the State. Claimant was employed by Beltrone Construction Company, Inc. as an apprentice carpenter; he was engaged in attaching plywood forms to a concrete wall by use of hardened metal masonry nails supplied to him by Beltrone. Claimant's supervisor, a Beltrone employee, instructed claimant to use a hard-headed hammer to drive the two-inch nails through three-quarter-inch plywood into reinforced poured concrete. It is undisputed that claimant, while performing this task, was in possession of a pair of "typical industrial type machinery safety glass" goggles. According to claimant's own statements, he was wearing the goggles on the day of the accident; however, when they became dirty he removed them. He alleges that he continued to attach the plywood forms using the masonry nails without his goggles because specific time restraints had been placed on his completion of the task. Within minutes of removing his goggles, a masonry nail which he was hammering shattered and a fragment penetrated his right eye. As a result, claimant sustained a total loss of sight in that eye and presently wears a prosthesis. Claimant commenced this lawsuit against the State seeking to impose liability for violations of Labor Law §§ 200 and 241 (6). After completion of discovery the State moved for summary judgment. The Court of Claims granted the State's motion and dismissed the claim. Claimant appeals.*

Claimant contends that the State violated Labor Law § 241 (6) and 12 NYCRR 23-1.8 (a) by allowing claimant to continue to work after he removed his safety goggles which had become covered with dirt. We disagree. Labor Law § 241 (6) requires that the owner and contractor obey safety rules promulgated by the Commissioner of Labor and "imposes a nondelegable duty upon owners and contractors, irrespective of their control or supervision of the work site, to provide reasonable and adequate protection to those involved in construction, excavation or demolition work" (*Rapp v Zandri Constr. Corp.*, 165 AD2d 639, 643). Notably, 12 NYCRR 23-1.8 (a) requires that "*[a]pproved* eye protection equipment suitable for the hazard involved *shall be provided* for and *shall be used* by all persons while employed in * * * chipping, cutting or grinding any material from which particles may fly, or while engaged in any other operation which may endanger the eyes" (emphasis supplied). To sustain a claim under Labor Law § 241 (6), a violation of a rule or regulation which sets forth a specific standard

---

* Claimant has not pursued his appeal of that portion of the Court of Claims' decision dismissing his claim pursuant to Labor Law § 200.

of conduct must be demonstrated (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502; *Bryant v General Elec. Co.*, 221 AD2d 687, 689; *Smith v Hovnanian Co.*, 218 AD2d 68, 71). The record amply supports the Court of Claims' conclusion that claimant failed to demonstrate that the State violated the standard of conduct contained in 12 NYCRR 23-1.8 (a). Claimant testified at his examination before trial that he understood the risks related to the use of hard-headed hammers with hardened metal nails, i.e., the danger of explosion. He further testified that on the day of the accident and immediately before the injury occurred he was wearing "typical industrial type machinery safety glass" with side plates and looped ear pieces. Claimant also testified that he removed the goggles to clean them and continued to hammer the masonry nails without any eye protection.

In our view, the record supports the conclusion that at the time of the accident claimant was in possession of and using approved eye protection and that the safety measures employed at the jobsite were reasonable and adequate under the circumstances (*see, Larabee v Triangle Steel*, 86 AD2d 289, 292). Significantly, it is undisputed that neither the State nor Beltrone were notified that claimant's goggles became dirty and, therefore, they never had an opportunity to instruct claimant to stop working until he could replace his goggles (*see, McCague v Walsh Constr.*, 225 AD2d 530, 531). Moreover, there is no evidence in the record that Beltrone or the State directed or even encouraged claimant to continue to work without first cleaning off his safety goggles (*cf., Crawford v Williams*, 198 AD2d 48, *lv denied* 83 NY2d 751).

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.