■ MARITZA MALDONADO, as Administrator of the Estate of ALFONSO MALDONADO, Deceased, Respondent, v STATE OF NEW YORK, Appellant. [679 NYS2d 475] —Graffeo, J. Appeal from a judgment of the Court of Claims (Bell, J.), entered June 9, 1997, upon a decision of the court in favor of claimant.

---

Alfonso Maldonado (hereinafter decedent),* an inmate at Camp Gabriels Correctional Facility in Franklin County, sustained an injury to his eye while a member of a construction work crew at the Lake Placid Center for the Arts. Decedent was hammering a 16-penny nail into a 2 x 4 piece of wood when the nail ricocheted and struck him in the right eye. In his deposition admitted into evidence at trial, decedent testified that although he was aware of the availability of protective glasses or goggles, he did not use the protective eyewear because they were scratched. James Keith, a Department of Correctional Services employee stationed at Camp Gabriels, testified for the State and indicated that it was the Camp's policy to require inmates to wear goggles while operating power tools but not while hammering nails. Following the trial, the Court of Claims found the State liable for failing to provide access to protective glasses or goggles in reasonably good condition. The court awarded claimant $12,000 for decedent's past pain and suffering. The State appeals.

It is well settled that the State, through its correctional authorities, is not bound by the Labor Law (*see*, *D'Argenio v Village of Homer*, 202 AD2d 883) but nevertheless owes a duty to provide reasonably safe machinery and equipment to an inmate engaged in a work program (*see*, *Martinez v State of New York*, 225 AD2d 877, 878; *Kandrach v State of New York*, 188 AD2d 910, 913). While the general standards set forth in the Labor Law or the regulations promulgated thereunder may be reviewed in determining the standard of care owed by the State, the record in this case demonstrates no reason to impose liability on the State (*cf.*, *Herman v Lancaster Homes*, 145 AD2d 926, *lv denied* 74 NY2d 601; *Cherry v State of New York*, 42 AD2d 671, *affd* 34 NY2d 872). The testimony and evidence reveal no indication that on the day of his accident decedent requested safety goggles, examined the available goggles or notified his supervisors that he considered the eyewear unsuitable for use (*see*, *McLoud v State of New York*, 237 AD2d 783). The safety measures at the job site were reasonable and adequate under the circumstances and the claim should therefore be dismissed.

Mercure, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is reversed, on the law and the facts, without costs, and claim dismissed.

---

* Decedent's death occurred subsequent to the commencement of this action and was unrelated to his injury.