■ KHALED GALAWANJI et al., Respondents-Appellants, v 40 SUTTON PLACE CONDOMINIUM, Appellant-Respondent, et al., Defendants. 40 SUTTON PLACE CONDOMINIUM, Third-Party Plaintiff-Respondent-Appellant, et al., Third-Party Plaintiff, v CITY STEAM, INC., Third-Party Defendant-Appellant-Respondent. [691 NYS2d 436] —Judgment, Supreme Court, New York County (Ira Gammerman, J., and a jury), entered March 19, 1998, in an action pursuant to Labor Law § 241 (6), insofar as appealed from as limited by the briefs, awarding plaintiff damages based upon a verdict awarding plaintiff, *inter alia*, damages of $600,000 for past pain and suffering and $300,000 for future pain and suffering, before apportionment and before setoff, unanimously affirmed, without costs.

We hold that 12 NYCRR 23-1.8 (a), which requires provision of "[a]pproved eye protection equipment" to employees "while engaged in any other operation which may endanger the eyes", is specific enough for purposes of stating a cause of action under Labor Law § 241 (6) (*cf.*, *McLoud v State of New York*, 237 AD2d 783; *Crawford v Williams*, 198 AD2d 48, *lv denied* 83 NY2d 751). The record does not support appellants' contention that plaintiff would not have worn protective goggles while engaged in a grinding operation even if they had been provided. Nor does it avail appellants that plaintiff's eye was injured not by flying loose particles but by the grinder itself when it kicked back (*cf.*, *Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562). We find the verdict does not deviate materially from what is reasonable compensation under the circumstances. Concur—Sullivan, J. P., Nardelli, Lerner, Rubin and Saxe, JJ.