■ KURT A. JOHNSON, Respondent, v LCA VISION, INC., Appellant, and HANSA RESEARCH & DEVELOPMENT, INC., Respondent, et al., Defendant. (Appeal No. 2.) [727 NYS2d 674] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted plaintiff's request to charge the doctrine of res ipsa loquitur with respect to defendants LCA Vision, Inc. and Claus M. Fichte, M.D. (*see, Fogal v Genesee Hosp.,* 41 AD2d 468, 474-477). In order to establish his entitlement to that charge, plaintiff was not required to eliminate conclusively "the possibility of all other causes of the injury. It [was] enough that the evidence * * * afford[ed] a rational basis for concluding that 'it [was] more likely than not' that the injury was caused by [the] negligence [of those defendants]" (*Kambat v St. Francis Hosp.,* 89 NY2d 489, 494, quoting Restatement [Second] of Torts § 328 D, comment *e*). The award of damages for future pain and suffering for plaintiff's eye injury does not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Galawanji v 40 Sutton Place Condominium,* 262 AD2d 55, *lv denied* 94 NY2d 756). (Appeal from Judgment of Supreme Court, Erie County, Kane, J.—Negligence.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Lawton, JJ.