(May 30, 2002)

■ DENNIS LAMP, Respondent, v COUNTY OF CORTLAND et al., Appellants. [743 NYS2d 583] —Crew III, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered July 2, 2001 in Cortland County, which partially denied defendants' motion for summary judgment dismissing the amended complaint.

Plaintiff commenced this action seeking to recover for injuries allegedly sustained while he was an inmate at the Cortland County Jail. On the morning of October 12, 1998, plaintiff and other inmates were engaged in the daily task of cleaning their assigned cell block when, while attempting to remove toilet paper from a wall adjacent to the guard station, plaintiff slipped and fell from the sloped roof of an interior storage closet. Plaintiff's amended complaint set forth four causes of action sounding in common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). Following joinder of issue and discovery, defendants moved for summary judgment dismissing the amended complaint. Supreme Court granted the motion to the extent of dismissing plaintiff's Labor Law § 240 (1) and § 241 (6) causes of action. This appeal by defendants ensued.

As a starting point, plaintiff concedes that dismissal of his Labor Law § 200 cause of action is warranted inasmuch as an inmate is not an employee subject to the protection of the Labor Law (*see, D'Argenio v Village of Homer*, 202 AD2d 883, 884). Turning to the common-law negligence claim, the record reflects that on the morning of plaintiff's accident, Undersheriff Lee Price and Lieutenant Jack Vancise toured plaintiff's cell block, whereupon Price apparently noticed toilet paper on the wall in question and indicated that it needed to be removed. Although the record makes plain that neither Price, Vancise nor Paul Knapp, the correction officer in charge of plaintiff's cell block, told plaintiff to remove the toilet paper from the wall adjacent to the guard station, and although plaintiff concedes that he was not given a direct order to do so, plaintiff argues, and Supreme Court found, that there nonetheless was a question of fact as to whether a person in plaintiff's position could reasonably interpret Price's expressed desire to have the toilet paper removed as an actual order to do so. We cannot agree.

To be sure, the record indicates that plaintiff and at least one other inmate interpreted Price's statement to mean that the inmates indeed were supposed to clean the toilet paper off the wall. Two observations regarding the alleged significance of Price's statement must be made. First, given plaintiff's concession that he was not given a direct order to clean the wall in question, his subjective interpretation of Price's statement is of no moment. Simply stated, neither plaintiff's pride in his work, his stated desire to have a clean cell block nor the absence of a direct order *not* to clean the wall is sufficient to raise a question of fact as to defendants' negligence. Moreover, and indeed more significantly, plaintiff's personal and entirely subjective belief that he was expected to clean the wall is insufficient to create a legal duty on the part of defendants. Stated another way, if the underlying fact pattern here does not impose a legal duty upon defendants (and, in the absence of a directive to clean the wall and a corresponding failure to provide appropriate equipment to do so, it plainly does not), plaintiff cannot utilize his own interpretation of what he thought he was supposed to do or how he thought he was supposed to do it in order to create a legal duty on the part of defendants that would not otherwise exist.* Accordingly, defendants are entitled to dismissal of the amended complaint in its entirety.

---

* Our holding in this regard does not, as the dissent suggests, limit the duty of care owed to inmates to only those situations where a correctional authority gives an inmate a direct order to perform a specific task. Nonethe-

Mugglin and Rose, JJ., concur.

Cardona, P.J. (concurring in part and dissenting in part). Although we concur with the majority's conclusion that dismissal of plaintiff's Labor Law § 200 claim is appropriate, we respectfully disagree that dismissal of plaintiff's common-law negligence claim, as a matter of law, is warranted under the particular circumstances herein.

Initially, we must express our concern with the language in the majority decision which appears to limit the duty of care owed to inmates under these circumstances, i.e., that part which may give the impression that a legal duty of care only arises when a correctional authority gives an order to perform a specific task directly to an inmate. In determining the scope of defendants' duty, we must analyze "whether the relationship of the parties is such as to give rise to a duty of care * * * whether plaintiff was within the zone of foreseeable harm * * * and whether the accident was within the reasonably foreseeable risks" (*Di Ponzio v Riordan*, 89 NY2d 578, 583 [citations omitted]). Correctional authorities who utilize inmates in work projects owe a common-law duty to provide reasonably safe work conditions (*see, e.g., Martinez v State of New York*, 225 AD2d 877; *Kandrach v State of New York*, 188 AD2d 910). Since plaintiff was one of the inmates assigned to the daily task of cleaning the entire cellblock, he was within the zone of foreseeable harm from workplace accidents. Furthermore, in our view, an injury resulting from a fall while cleaning the cellblock is "an occurrence that is within the class of foreseeable hazards" (*Di Ponzio v Riordan, supra*, at 584). Accordingly, we find, as a matter of law, that defendants had a cognizable duty of care to the inmates assigned to the cleaning crew, including plaintiff.

We turn next to whether defendants have demonstrated their entitlement to summary judgment on the issue of breach of their duty of care to plaintiff. The facts herein reveal that shortly after plaintiff completed mopping the floors, he was present in his cellblock with other inmates when Undersheriff Lee Price and Lieutenant Jack Vancise inspected the premises. According to plaintiff, Price told Vancise that he wanted the toilet paper cleaned off the wall that day and "he didn't care how it got off the wall." Although plaintiff admits that he was not personally ordered by Price to clean the wall, he believed Price's comment was directed to all the inmates present because it was their general responsibility to clean the

---

less, the facts of this particular case simply are not sufficient to create a legal duty on the part of defendants.

cellblock. Furthermore, Bud Rigg, a Corporal at the Corrections Division of the Cortland County Sheriff's Department, testified that he spoke with another inmate, Thomas Darling, who was present at the time, and Darling also understood that it was the inmates' responsibility to remove the toilet paper.[1] Indeed, the toilet paper on the wall to which Price referred was part of plaintiff's cellblock and Price's comment was made within plaintiff's hearing range. According to plaintiff, Price and Vancise indicated that they "wanted [the] toilet paper off the walls and the general cleanup of the whole cellblock, or else we weren't allowed out for that day." Plaintiff testified that, during the period between Price's inspection and his attempt to remove the toilet paper, no one told him to stay off the wall and he did not receive any instructions as to whether a ladder would be provided to complete the task. Plaintiff also indicated that he had seen another inmate on the roof in the past and that the area where he went to work to clean the wall was within the vision of a correction officer and the officer said nothing to him. Vancise testified that correction officers were prohibited from climbing on the roof after one of them slid off while trying to clean the windows.

Viewing the evidence in a light most favorable to plaintiff, as the party opposing the motion, and giving him the benefit of every reasonable inference (*see, Boyce v Vazquez*, 249 AD2d 724), we conclude, under the unique circumstances of this case, that questions of fact exist as to whether defendants breached their duty of care to plaintiff. Price's comments in front of the inmates, particularly when considered in light of the "innately coercive atmosphere" in which inmates frequently find themselves (*Matter of Griffin v Coughlin*, 88 NY2d 674, 705, *cert denied* 519 US 1054 [Bellacosa, J., dissenting]), give rise to a factual issue as to whether defendants should have reasonably foreseen that a person in plaintiff's position would have attempted to clean the toilet paper off the wall, and whether it was, therefore, necessary to give further instructions to stay off the wall or to wait for a ladder.[2] Additionally, there is a question of fact as to whether defendants breached their duty of reasonable care to plaintiff by failing to provide the necessary equipment to minimize the risk and ensure his safety.

Accordingly, we would affirm Supreme Court's denial of

---

1. Whether such evidence is hearsay need not be addressed in the current motion since hearsay evidence is permissible in opposition to a summary judgment motion as long as it is not the only proof submitted (*see, Murray v North Country Ins. Co.*, 277 AD2d 847).

2. In this regard, we note that there is conflicting testimony as to whether such instructions were given.

defendant's motion for summary judgment which sought dismissal of plaintiff's common-law negligence cause of action.

Lahtinen, J., concurs. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied defendants' motion; motion granted in its entirety, summary judgment awarded to defendants and amended complaint dismissed; and, as so modified, affirmed.