YASIN J. MUHAMMAD, Appellant, v STATE OF NEW YORK, Respondent. [790 NYS2d 570]—

Cardona, P.J. Appeal from a judgment of the Court of Claims (Hard, J.), entered January 5, 2004, upon a decision of the court following a bifurcated trial in favor of defendant on the issue of liability.

In May 1997, claimant was an inmate at Bare Hill Correctional Facility in Franklin County with a prison job as a dormitory recycling porter whose duties included cleaning metal cans and separating them into bins for recycling. On May 25, 1997, claimant sustained an injury when the lid of a metal can sliced through his latex glove and cut the pinkie finger on his right hand. Although claimant had performed this job without incident for over a month and had seen other inmate recycling porters wearing heavy duty safety gloves in the past, he admitted that he did not request safety gloves on the date of his injury. In September 1997, claimant filed this claim alleging that the facility was negligent in, inter alia, failing to provide him with the proper safety equipment, i.e., heavy duty gloves. Following a bificurcated trial on the issue of liability, the Court of Claims dismissed the claim, prompting this appeal.

It is undisputed that defendant, through its correctional authorities, owes a duty to provide inmates engaged in work programs with reasonably safe equipment as well as sufficient warnings and instructions for the safe operation of the work and equipment (*see Maldonado v State of New York*, 255 AD2d 630, 631 [1998]; *Martinez v State of New York*, 225 AD2d 877, 878 [1996]). Nevertheless, defendant " 'is not an insurer of inmate safety, and negligence cannot be inferred solely from the happening of an incident' " (*Auger v State of New York*, 263 AD2d 929, 930 [1999], quoting *Colon v State of New York*, 209 AD2d 842, 843 [1994]). Further, an inmate is required to exercise ordinary care (*see Martinez v State of New York, supra* at 878).

Here, the correction officer on duty confirmed that claimant did not request a pair of safety gloves on the date of this accident (*see Maldonado v State of New York, supra* at 631). He also testified that, if he had, they could and would have been easily obtainable, a position consistent with the language in the description of the recycling porter job, i.e., that "cut resistant gloves are generally available." We find nothing in that language or the proof at trial that would support a conclusion that inmates were required to wear safety gloves or that the job could not be performed safely without them. Given the Court of Claims' advantage in viewing the witnesses and the evidence "firsthand" (*Auger v State of New York, supra* at 930), we find no basis to disturb the court's dismissal of the claim.

Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.