■ DAVID HURLBURT et al., Appellants, v S.W.B. CONSTRUCTION COMPANY, Respondent. [799 NYS2d 616]—

Crew III, J. Appeal from an order of the Supreme Court (Dawson, J.), entered June 25, 2004 in Essex County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

In 1996, International Paper switched from using chlorine gas to chlorine dioxide gas to process wood into paper at its facility in Essex County and, to that end, hired defendant to undertake the work necessary to complete the conversion process. Thereafter, in 1997, plaintiffs David Hurlburt and Betty Lou Messier allegedly sustained, among other injuries, pulmonary burns as a result of their inhalation of certain chlorine dioxide gas that was discharged at the Essex County facility.

Plaintiffs commenced this action in 1998 alleging, among other things, that defendant was negligent in failing to properly maintain various systems at International Paper's facility and to warn International Paper of the allegedly dangerous condition existing in its ventilation system. Supreme Court granted defendant's subsequent motion for summary judgment in April 2002 and, in so doing, dismissed those portions of plaintiffs' complaint as alleged negligent design, construction or alteration of the facility's ventilation system. Supreme Court, however, found that a question of fact remained as to whether defendant had a duty to warn International Paper of the allegedly dangerous condition in the ventilation system that caused the gas leak in question.

Thereafter, in April 2004, defendant again moved for summary judgment dismissing plaintiffs' complaint. Following oral argument, Supreme Court granted defendant's motion, finding that International Paper was well aware of the condition purportedly existing in its ventilation system and, as such, defendant had no duty to warn International Paper of the alleged defect in this regard. This appeal by plaintiffs ensued.

We affirm. The case law makes clear that "there is no duty to warn a person who, through common knowledge or learning, is fully aware of a specific hazard" (*Theoharis v Pengate Handling Sys. of N.Y.*, 300 AD2d 884, 885 [2002]; *see Warlikowski v Burger King Corp.*, 9 AD3d 360, 362 [2004]). In support of the instant motion for summary judgment, defendant proffered the affidavit of James O'Bryan, International Paper's environmental

health and safety supervisor, who worked at the Essex County facility. O'Bryan averred that International Paper was well aware that chlorine dioxide gas could be discharged in the manner in which it was on the date of the underlying accident and, in fact, stated that the ventilation system was designed to do precisely what it did—namely, discharge gas at a particular pressure release point whenever there was a buildup of decomposed materials* Plainly, such affidavit is more than sufficient to discharge defendant's burden of demonstrating that International Paper was well aware of the alleged hazard. Although plaintiffs argue that they were unable to tender sufficient proof to oppose defendant's motion due to incomplete discovery, we agree with Supreme Court that neither the requested depositions nor the subpoenaed items relate to International Paper's awareness of the alleged hazard at the relevant point in time and, as such, fail to provide a basis upon which to deny defendant's motion. In short, inasmuch as the record establishes that International Paper was well aware of the hazard alleged, "a warning [from defendant] would have added nothing to [International Paper's] appreciation of the danger" (*Liriano v Hobart Corp.*, 92 NY2d 232, 242 [1998]) and, therefore, defendant's motion for summary judgment dismissing the balance of plaintiffs' complaint was properly granted.

Mercure, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the order is affirmed, with costs.

---

* It was O'Bryan's belief that weather conditions on the day of the accident produced a downdraft, which, in turn, resulted in Hurlburt's and Messier's exposures.