■ NEIL MANGANARO, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 105912.) [805 NYS2d 710]—

Kane, J. Appeal from a judgment of the Court of Claims (Collins, J.), entered August 18, 2004, upon a decision of the court following a bifurcated trial in favor of defendant on the issue of liability.

While claimant was an inmate in a state correctional facility, he was engaged in a work program with Corcraft Industries, a company that performs construction projects on behalf of the Department of Correctional Services. During his work on a project where he was using an angle grinder for the first time, he turned it off and set it down on his workbench, but the rotating abrasive disk continued to spin. Claimant suffered an injury to his finger when it came into contact with that abrasive disk. After trial, the Court of Claims dismissed claimant's personal injury claim. Claimant appeals.

Defendant's correctional authorities owe a duty to provide inmates engaged in work programs with reasonably safe equipment and sufficient warnings and instructions for safe operation of the equipment (*see Muhammad v State of New York*, 15 AD3d 807, 808 [2005]; *Martinez v State of New York*, 225 AD2d 877, 878-879 [1996]). Inmates are still required to exercise ordinary care when engaging in work programs (*see Muhammad v State of New York, supra* at 808). Prior to this accident, claimant worked in the construction industry for 20 years, owned his own construction company, was familiar with many power tools, had seen other people operate angle grinders and was familiar with how angle grinders work. He conceded that the grinder was safe for its intended use. Claimant signed a training form indicating that he was trained on a variety of power tools, including a hand grinder. He admitted his awareness of the common-sense propositions that coming into contact with a spinning disk was an obvious danger, it would be foolish to put down the grinder while it was still running and, based on the distinctive winding-down sound of the grinder, he was aware that the disk was still rotating as he placed the grinder on the workbench. Based on claimant's testimony, warnings and instructions were unnecessary because he was aware of the dangers which caused his injury (*compare Martinez v State of New York, supra*). Therefore, contrary to claimant's sole argument, defendant had no duty to provide plaintiff with any warn-

ings or instructions concerning the use of this angle grinder, which was concededly safe for its intended use (*see Hurlburt v S.W.B. Constr. Co.*, 20 AD3d 854, 856 [2005]; *Warlikowski v Burger King Corp.*, 9 AD3d 360, 361-362 [2004]).

Claimant also argues that the testimony of one of defendant's witnesses should be disregarded. The trial court is entitled to great deference in credibility determinations (*see Auger v State of New York*, 263 AD2d 929, 930 [1999]). Here, the Court of Claims relied mainly on claimant's own testimony in reaching its decision. To the extent that the court's decision did rely on the questioned testimony, we defer to any credibility determination made by the court.

Crew III, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.