■ DIMITRIOS SPIRATOS et al., Respondents, v COUNTY OF CHENANGO et al., Appellants. [815 NYS2d 288]—

Peters, J. Appeal from an order of the Supreme Court (Dowd, J.), entered July 18, 2005 in Chenango County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff Dimitrios Spiratos (hereinafter plaintiff) worked in the kitchen while an inmate at defendant Chenango County Correctional Facility (hereinafter the facility). One of his duties included the preparation and distribution of hot water to the other inmates. In March 2003, while preparing the water, plaintiff sustained burns to his right thigh when he lost his grip on the one-gallon aluminum vessel containing the boiling water as he attempted to transfer it into the distribution container. Although plaintiff had performed this duty a few times without incident, and saw other inmates accomplish it as well, he and his wife, derivatively, claim that defendants were negligent in failing to provide him with reasonably safe equipment and adequate training. Defendants moved for summary judgment. Supreme Court, finding triable issues of fact, denied the motion. Defendants appeal.

A motion for summary judgment will be granted where the movant demonstrates, by competent evidence, its entitlement to judgment as a matter of law (*see* CPLR 3212 [b]; *Ware v Baxter Health Care Corp.,* 25 AD3d 863, 864 [2006]; *Haggray v Malek,* 21 AD3d 683, 684 [2005]). Once this prima facie showing is sustained, the burden shifts to the opposing party to establish the existence of a material issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

With the gravamen of plaintiffs' allegations claiming a lack of

sufficiency of both the equipment and training, defendants submitted the affidavit of Timothy Annesi, the facility's administrator. Annesi described the water distribution container as having a raised spout with a 1½-inch diameter and the funnel designated for transferring boiling water into that container as having a one-half-inch diameter. Annesi made it clear that there was an established procedure employed for this transfer which had been in place before 2002; no recorded complaints or injuries were brought to defendants' attention prior to this incident.

James Shimer, the facility's head cook, confirmed that there was an established procedure for this task and that there had been no prior incidents. Shimer stated that all inmates performing this task were trained to wear safety gloves and use the funnel provided. Despite his admonishment to the inmates not to tamper with the vessels, Shimer was aware that some of the vessels were altered by the inmates to make pouring easier. However, he determined that this modification was unnecessary because the vessels were made with a natural opening to pour the water.

Plaintiff solely offered his own testimony as to how the incident occurred. Although he acknowledged that a funnel was available for his use, he conclusively opined that it was too small and could not be used practically. He also alleged that he was not trained properly, yet conceded that "[t]here really was no training," the job involved "pretty basic stuff" and training was "[m]ore of an observation than an explanation . . . it was a simple thing, you boil water, you put it into the container." He also admitted to having successfully completed this task a few times prior to the incident and to having observed other inmates successfully complete the process. Finally, the record reflects that plaintiff was wearing only one of the safety gloves provided to him.

Clearly, governmental entities "owe a duty to provide inmates engaged in work programs with reasonably safe equipment" and training (*Manganaro v State of New York*, 24 AD3d 1003, 1004 [2005]; *see Kandrach v State of New York*, 188 AD2d 910, 913 [1992]). However, a correctional facility " 'is not an insurer of inmate safety, and negligence cannot be inferred solely from the happening of an incident' " (*Auger v State of New York*, 263 AD2d 929, 930 [1999], quoting *Colon v State of New York*, 209 AD2d 842, 843 [1994]; *accord Muhammad v State of New York*, 15 AD3d 807, 808 [2005]).

In our view, defendants' duty to plaintiff did not extend to an accidental dropping of a container of hot water when the equip-

ment provided was not utilized and adequate training was provided. With plaintiff's failure to identify a valid, existing hazardous condition which caused his injury, Supreme Court erred in not granting defendants' motion for summary judgment. In so finding, we need not address any of defendants' affirmative defenses.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendants and complaint dismissed.