■ THERESA LETTERESE, Appellant, v STATE OF NEW YORK, Respondent. [821 NYS2d 468]—

In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Mignano, J.), dated December 8, 2004, which, upon a decision of the same court dated November 9, 2004, made after a nonjury trial on the issue of liability, dismissed the claim.

Ordered that the judgment is affirmed, with costs.

The claimant, then an inmate at the Beacon Correctional Facility, allegedly was injured while assigned to a work crew that was painting a Department of Transportation garage in Poughkeepsie. Just prior to the accident, the plaintiff was attempting to paint the upper portion of an 18- or 20-foot wall while standing on the top cap of an unsecured 10-foot high stepladder. She sustained injuries when the ladder toppled, causing her to fall to the ground. The claimant conceded that "[t]here were several different ladders" on site, although it is unclear from the record whether any ladder other than the subject stepladder was actually available to her at the time of the accident. Following a nonjury trial on the issue of liability, the Court of Claims determined that the State was not negligent and dismissed the claim. We affirm.

As this case was tried to the court, without a jury, this Court's power to review the evidence is as broad as that of the trial court, "taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983] [internal quotation marks omitted]). Here, the State, acting through its correctional authorities, had only a common-law duty to provide the claimant with reasonably safe equipment as well as sufficient warnings and instructions for the safe operation of the work and equipment (*see Manganaro v State of New York*, 24 AD3d 1003, 1004 [2005]; *Muhammad v State of New York*, 15 AD3d 807, 808 [2005]; *Maldonado v State of New York*, 255 AD2d 630, 631 [1998]; *Martinez v State of New York*, 225 AD2d 877, 878 [1996]).

On this record, we discern no basis to disturb the court's

finding that the claimant's own negligence in climbing on the top cap of the stepladder was the sole proximate cause of the accident (*cf. Robinson v East Med. Ctr., LP,* 6 NY3d 550 [2006]). Florio, J.P., Luciano, Spolzino and Fisher, JJ., concur.