■ LORETTA L. HAVENS, Appellant, v COUNTY OF SARATOGA et al., Respondents. [854 NYS2d 810]—

Cardona, P.J. Appeal from an order of the Supreme Court (Williams, J.), entered November 6, 2006 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint.

While plaintiff was an inmate at the Saratoga County Correctional Facility she slipped and fell as she was cleaning a shower stall. She was 17 years old at the time. By her uncontradicted account, on the day of her accident she was assigned to wash down the tile stall using soapy water, a sponge and a Brillo-type pad. After soaping the walls and floor of the stall, which is approximately 8 to 10 feet long and 3½ feet wide, plaintiff went to the far wall of the stall where the nozzle was located and turned on the water so the spray would wash out the soap. She then immediately turned to run out of the stall to avoid getting wet. Her feet went out from under her on the soapy floor and she fell, injuring her hand.

Plaintiff commenced this negligence action seeking damages for her injury. Following joinder of issue and discovery, Supreme Court granted summary judgment to defendants, finding plaintiff's conduct to be the sole cause of the accident.

On this appeal, plaintiff contends that fact questions exist as

to whether defendants breached their duty of care by failing to instruct her on the proper method of cleaning the shower, failing to warn her of the associated dangers, and failing to provide adequate equipment for the purpose. She also argues that fact questions exist as to her negligence, if any. On the other hand, defendants claim that they owed plaintiff no duty to instruct her on an ordinary and routine activity like washing the shower and no duty to warn her of obvious risks and dangers that can be recognized as a matter of common sense, such as running across a wet and soapy floor. Alternatively, they contend that any causal connection to them was superceded by plaintiff's reckless conduct.

"[G]overnmental entities 'owe a duty to provide inmates engaged in work programs with reasonably safe equipment' and training" (*Spiratos v County of Chenango*, 28 AD3d 863, 864 [2006], quoting *Manganaro v State of New York*, 24 AD3d 1003, 1004 [2005]; *see Bernard v State of New York*, 34 AD3d 1065, 1067 [2006]; *Muhammad v State of New York*, 15 AD3d 807, 808 [2005]). However, "an inmate is required to exercise ordinary care" (*Muhammad v State of New York*, 15 AD3d at 808; *see Manganaro v State of New York*, 24 AD3d at 1004). If the inmate fails to do so "and pursues a dangerous course of conduct, he or she is required to take some responsibility for his or her own negligence" (*Martinez v State of New York*, 225 AD2d 877, 878 [1996]; *see Bernard v State of New York*, 34 AD3d at 1068).

The record herein includes, among other things, the written rules and regulations that inmates receive upon entering the facility and the deposition testimonies of plaintiff, defendant Sheriff James Bowen, the jail administrator and two correction officers. The testimonies established, without contradiction, that all minor inmates were required to perform certain chores and were subject to disciplinary action if they refused. As relevant here, they were required to take turns cleaning the shower, for which purpose they were issued only a bucket of soapy water, a sponge, and a scrubbing pad. They were not given any special clothing to wear while cleaning. Plaintiff testified that at the time of her fall, she was wearing her facility-issued clothing, including a pair of slightly large, slip-on men's canvas shoes with smooth rubber soles.

In support of summary judgment, defendants relied on plaintiff's testimony that she had prior experience cleaning bathrooms as a hotel chambermaid, had previously cleaned the stall where she fell, without incident, and was aware that the floor was slippery at the time of her accident. However, they do

not dispute that the layout of the particular shower stall at issue here all but guaranteed that an inmate would be exposed to a slippery surface. In other words, defendants have not demonstrated that, unlike a person cleaning a residential or hotel shower, an inmate cleaning the subject shower had an option to avoid the slippery surface. Nor have they shown that appropriate equipment to minimize slippage, such as mats or water shoes, was available. Additionally, plaintiff testified that she was advised by another inmate that she should run out of the stall after she turned on the water because, if she got wet, she would not be issued dry clothing until the regular biweekly change of clothing. Although Bowen, the jail administrator and one of the correction officers testified that an inmate whose clothing got wet would, in fact, receive dry clothing, there was no evidence that plaintiff was so informed. Finally, while the testimonies indicated that facility personnel never instructed plaintiff to run out of the shower, plaintiff testified that everyone who washed the shower ran out after turning on the water to avoid getting wet and the correction officers were aware of this practice and did not stop it. On this record, defendants have not established their entitlement to summary judgment (*see* CPLR 3212 [b]; *Lamp v County of Cortland*, 98 NY2d 748, 749 [2002], *revg* 294 AD2d 795 [2002]; *Spiratos v County of Chenango*, 28 AD3d at 863).

Moreover, we do not agree with defendants that plaintiff's conduct in running across the shower floor was, as a matter of law, so reckless or unforeseeable as to constitute a superceding cause sufficient to entirely excuse defendants from potential liability, given plaintiff's unrefuted testimony that the minor inmates who cleaned the shower commonly ran out of the stall after turning on the water in order to avoid getting wet, and that the correction officers were aware of this practice and did nothing to discourage it (*compare Bernard v State of New York*, 34 AD3d at 1068, *Kandrach v State of New York*, 188 AD2d 910, 914 [1992], *and White v State of New York*, 137 AD2d 868, 869 [1988], *with Martinez v State of New York*, 225 AD2d at 879). Rather, her conduct, viewed in the context of the unique circumstances confronting an inmate at a correctional facility, may be considered in assessing possible comparative negligence (*see Bernard v State of New York*, 34 AD3d at 1068; *Lowe v State of New York*, 194 AD2d 898, 899 [1993]).

The parties' remaining contentions have been considered and found to be unpersuasive.

Carpinello, Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.