■ ALEJANDRO ROSA, Appellant, v STATE OF NEW YORK, Respondent. [881 NYS2d 527]—

Peters, J. Appeal from a judgment of the Court of Claims

(McCarthy, J.), entered May 24, 2007, upon a dismissal of the claim at the close of evidence.

Claimant worked as a carpenter while an inmate at Clinton Correctional Facility in Clinton County. According to claimant, he was feeding a small piece of wood through a table saw when the blade stopped spinning. He then reached to turn the machine off and, before he was able to do so, the saw blade started running again and propelled the piece of wood back into his left index finger, causing him injuries. He thereafter filed this claim alleging that defendant was negligent in failing to provide him with safe equipment, adequate warnings and training. Following a bificurcated trial on the issue of liability, the Court of Claims dismissed the claim, prompting this appeal.

We affirm. It is well settled that "[d]efendant's correctional authorities owe a duty to provide inmates engaged in work programs with reasonably safe equipment and sufficient warnings and instructions for safe operation of the equipment" (*Manganaro v State of New York*, 24 AD3d 1003, 1004 [2005]; *see Bernard v State of New York*, 34 AD3d 1065, 1067 [2006]; *Maldonado v State of New York*, 255 AD2d 630, 631 [1998]). Nevertheless, "defendant is not an insurer of inmate safety, and negligence cannot be inferred solely from the happening of an incident" (*Muhammad v State of New York*, 15 AD3d 807, 808 [2005] [internal quotation marks and citations omitted]; *see Bernard v State of New York*, 34 AD3d at 1067).

Here, claimant contends that the table saw was unsafe and defective because it did not have a ventilation system and that, as a result, sawdust and debris accumulated around the blade of the saw which caused it to jam and then suddenly restart, thereby kicking the piece of wood back into his finger. Yet, no evidence was presented that an inspection of the table saw was conducted following the accident to determine what actually caused the blade to stop, nor did claimant offer any competent evidence to establish that the accumulation of sawdust could, in fact, cause this to occur or that the use of a ventilation system would prevent such an occurrence. Indeed, claimant's supervisor, an experienced carpenter and woodworker, stated that an accumulation of sawdust would in no way restrict the blade of this five-horsepower machine, and claimant himself testified that he used table saws with a ventilation system in the past and experienced this same situation where the blade unexpectedly stopped and restarted. Moreover, claimant explained that in his experience a saw blade may stop for other unrelated reasons, such as a knot in the piece of wood being cut. Giving deference to the Court of Claims' credibility determinations due

to its advantage in viewing the witnesses and the evidence (*see Muhammad v State of New York*, 15 AD3d at 808; *Auger v State of New York*, 263 AD2d 929, 930 [1999]), we find no basis to disturb its determination that claimant failed to prove by a preponderance of the evidence that defendant did not provide him with reasonably safe equipment. Finally, to the extent that claimant argues that he was not provided with adequate warnings and instructions regarding the safe operation of the table saw, such assertion is belied by the record.

Cardona, P.J., Lahtinen, Kane and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.