■ ANDREW HEITMAN, Appellant, v STATE OF NEW YORK, Respondent. [921 NYS2d 369]—

McCarthy, J. Appeals (1) from a judgment of the Court of Claims (Milano, J.), entered January 21, 2010, upon a decision of the court in favor of defendant, and (2) from an order of said court, entered May 7, 2010, which denied claimant's motion to set aside the judgment.

Claimant was an inmate participating in a shock incarceration program. During a work project where inmates were applying water sealant to the floor of a cabin, claimant leaned his hand against a glass window. The window shattered and his hand went through the glass, cutting him and causing nerve and tendon damage to his arm. Claimant commenced this action alleging that his injuries were the result of defendant's negligence, namely that a drill instructor directed the inmates to remove their work gloves when completing the floor-sealing task. After trial, the Court of Claims dismissed the claim. The court subsequently denied claimant's motion to set aside the judgment. Claimant appeals.

Claimant failed to prove that defendant was liable for his injury. Even if we assume—without deciding—that defendant was negligent in directing claimant not to wear work gloves, the Court of Claims determined that the location of the cut on claimant's forearm would not have been protected by the glove. Claimant does not dispute the court's factual finding that the gloves extended approximately two inches below the wrist. The scarring on claimant's arm begins one inch below his wrist and

continues to approximately five inches below his wrist. This scarring was not all caused by the glass window, however. Claimant underwent two surgeries to repair the nerve and tendon damage, and those surgeries resulted in scarring at both ends of the cut caused by the window. Based on the court's observation of the scarring and gloves, as well as hearing claimant's trial testimony and reading his deposition testimony, the court concluded that the area of claimant's arm that was cut by the window would have been exposed even had he been wearing work gloves. Although, in a nonjury case, this Court can independently weigh the evidence and grant the judgment we deem appropriate (*see Seaman v State of New York*, 45 AD3d 1126, 1126-1127 [2007]), we see no reason to disturb this finding by the Court of Claims (*see Rosa v State of New York*, 63 AD3d 1383, 1384-1385 [2009], *lv dismissed* 13 NY3d 856 [2009]). Because claimant would have received the injury regardless of any negligence on defendant's part, the claim was properly dismissed (*see Seaman v State of New York*, 45 AD3d at 1127).

The Court of Claims also did not err in denying claimant's motion to set aside the judgment (*see* CPLR 4404 [b]). In support of the motion, claimant submitted photographs of his arm, both with and without the glove, in an attempt to show that the glove would have protected his arm from the glass. Having reviewed those photographs, the court adhered to its prior decision. We agree that the record is not clear as to what scarring was caused by the accident as opposed to by the subsequent surgeries. Thus, as claimant did not prove that any negligence by defendant proximately caused his injury, the court did not abuse its discretion when it denied the motion.

Mercure, J.P., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the judgment and order are affirmed, without costs.