Kavanagh, J.
Appeal from a judgment of the Court of Claims (Ferreira, J.), entered November 29, 2010, upon a decision of the court in favor of claimant.
Claimant, while an inmate at Coxsackie Correctional Facility in Greene County, fell from his bunk bed and sustained injuries to his lower back, left hip, legs, shoulder and head. Two years after this accident, surgery was performed on claimant’s back. He subsequently filed a notice of claim seeking compensation for the injuries he alleges to have sustained in this fall. After a bifurcated trial, the Court of Claims found defendant 100% liable for the accident and awarded claimant $25,000 for aggravation of a preexisting injury to his spine, as well as for the incidental injuries he sustained to his head and left shoulder. The court specifically found that claimant’s fall from his bunk bed did not cause the injuries to his back that later required surgery. Claimant now appeals, arguing that the court’s conclusion regarding what precipitated his need for surgery is not supported by record evidence and that the amount it awarded him for the injuries he sustained in this accident was inadequate.
Initially, we note that when reviewing a court’s verdict following a nonjury trial, this Court may make its own evaluation of the weight to be accorded the evidence and, after deferring to the trial court’s credibility determinations, grant what it believes to be an appropriate judgment (see Heitman v State of New York, 83 AD3d 1192, 1193 [2011]; Shon v State of New York, 75 AD3d 1035, 1036 [2010]; McKee v State of New York, 75 AD3d 893, 894-895 [2010]; Seaman v State of New York, 45 AD3d 1126, 1126-1127 [2007]). Here, we find that the court’s verdict enjoys ample support in the record, and its award represents reasonable compensation for the injuries that claimant sustained in this accident.
The principal issue raised at trial was whether claimant’s back surgery was precipitated by a preexisting condition or by injuries he sustained when he fell from the bunk bed. In that *1465 regard, 10 years prior to this accident, claimant sustained a significant injury to his back in a work place accident that required ongoing treatment by an orthopedic surgeon. Claimant acknowledges that the injury he sustained to his back in that accident was significant, but contends that, after undergoing a regimen of physical therapy, he was able to return to work and the symptoms from these injuries for the most part had resolved by the time he fell from the bunk bed. At trial, claimant’s expert, a retired physician who specialized in neurology and neurosurgery, opined that claimant needed back surgery because of the injuries he sustained when he fell from his bunk bed and not because of his preexisting back condition. This opinion was based on an examination of MRIs performed before and after this accident, which, according to the expert, established the existence of neurological changes in claimant’s back that likely caused him pain. Also, the expert testified that his conclusion was reinforced by the findings of an electromyogram (hereinafter EMG) performed after the accident, which indicated that claimant suffered from an “acute right L5 radiculopathy.”
Defendant, in opposing this claim, points to the fact that claimant’s expert acknowledged that claimant’s prior back injury was serious and that diagnostic tests performed after that accident revealed injuries to the same lumbar discs that claimant now argues were injured when he fell from his bunk bed. As for the EMG, the expert conceded that he did not compare the findings of that test with any EMGs that had been performed on claimant prior to this accident. In addition, defendant relies on record evidence that reveals that the orthopedic surgeon who treated claimant after his 1992 work place accident stated that, as a result of those injuries, claimant would eventually require back surgery. Also, claimant sustained other injuries to his back prior to the bunk bed accident, and documentation was introduced establishing that when claimant was first processed into the prison system in 2002, he had difficulty walking and, while incarcerated, often complained of severe back and leg pain that affected his ability to work and required the use of a back brace.
Defendant also produced an expert witness, a physician at a correctional facility who treated claimant during a period of his incarceration. This physician testified that he examined the MRIs performed on claimant’s back and noted no significant changes in his condition after the accident. This physician also examined claimant and, after reviewing relevant medical records, concluded that his back surgery was precipitated by injuries he sustained in 1992, and that the fall from his bunk *1466 bed caused only a minor exacerbation of those preexisting injuries. Viewing the record as an integrated whole, we find no reason upon which to disturb the findings made by the Court of Claims as to what precipitated claimant’s need for surgery, and its monetary award did not deviate materially from what would be reasonable compensation for the injuries he sustained in this accident (see CPLR 5501 [c]; Kinge v State of New York, 79 AD3d 1473, 1481 [2010]; Araujo v State of New York, 61 AD3d 585, 586 [2009]; Martin v State of New York, 39 AD3d 905, 908 [2007], lv denied 9 NY3d 804 [2007]).
Peters, P.J., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.