■ WILLAIM H. JONES, an Infant, by His Mother, PEARL JONES, Appellant, et al., Plaintiff, v CITY OF BUFFALO, Respondent.—Judgment unanimously modified on the law and facts and as modified affirmed with costs to plaintiff, in accordance with the following memorandum: The infant plaintiff was seriously injured when a tow motor fell upon him as he was driving it down a ramp in a garage owned by defendant City of Buffalo. Plaintiff was an employee in a summer youth program in which the city agreed to provide full-time adult supervision. Following a nonjury trial, the court found both the city and the infant plaintiff negligent and apportioned liability 30% to the city and 70% to the plaintiff.

The court's apportionment of negligence is not supported by the record. The court found that the city failed to supervise plaintiff, allowed other youths to drive the motorized vehicles in the garage on several occasions prior to the accident, left the keys in the tow motor on the day of the accident, and assigned the infant plaintiff to work with another youth who the city employees knew was a bad influence. The court also found that, although plaintiff was 15 years of age and has a below average intelligence, he nevertheless should have appreciated the risks of driving the tow motor without prior experience or supervision. Therefore, plaintiff's negligence was considerably less than that of the city.

This being a nonjury trial, this court can upon a review of the record grant the judgment which should have been granted, including the apportioning of liability (see, Mesick v State of New York, 118 AD2d 214, 219, lv denied 68 NY2d 611; O'Connor v State of New York, 126 AD2d 120, 127). Accordingly, we modify the judgment by apportioning liability 70% to the city and 30% to plaintiff. (Appeal from judgment of Supreme Court, Erie County, Ricotta, J.—negligence.) Present —Callahan, J. P., Doerr, Boomer, Green and Pine, JJ.