■ JACQUELINE DONVITO, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 72651.)—Judgment unanimously modified on the law and facts and as modified affirmed without

costs in accordance with the following Memorandum: The claimant, a 21-year-old college senior at the State University College at Brockport, injured her back while attempting a three-step approach front dive from a three-meter diving board during a water safety instruction class. Following a bifurcated trial, the Court of Claims found the State to be liable for plaintiff's injuries but apportioned 80% of the fault to the claimant. In our view, the apportionment of liability is not supported by the record.

The Court of Claims properly found that the State was negligent through the acts of its instructor in permitting claimant to attempt the dive. The instructor's directive to claimant, which came at the close of a session dedicated to testing the swimming and diving competencies of the students, was correctly characterized by the trial court as being "fraught with danger". The instructor was aware of claimant's lack of control inasmuch as she had previously demonstrated considerable difficulty in executing the same dive from the lower one-meter board. While the record is clear that the instructor gave the students the option to enter the water from the height of the three-meter board either by diving or jumping, under these circumstances the instructor did not exercise reasonable care in affording claimant that option.

There is ample evidence, however, to support the finding that claimant should bear a considerable share of the responsibility for her injuries. Indeed, she was in the best position to assess her own diving skills, or the lack thereof, and to consider whether one of the safer methods suggested by her instructor was more appropriate.

The apportionment determined by the Court of Claims fails to account for the fact that the instructor was in the best position to prevent this occurrence. Further, the court's finding that claimant was primarily responsible for her injuries is not supported by this record. Upon appeal from a judgment rendered following a bench trial, this court is empowered to grant the judgment that should have been granted, including the apportionment of liability (see, Jones v City of Buffalo, 134 AD2d 874, lv denied 71 NY2d 801; see also, Mesick v State of New York, 118 AD2d 214, 219, lv denied 68 NY2d 611; O'Connor v State of New York, 126 AD2d 120, 127, affd 70 NY2d 914). Therefore, the judgment of the Court of Claims is modified by apportioning liability equally between the parties. (Appeal from Judgment of Court of Claims, Quigley, J.—Negligence.) Present—Denman, P. J., Boomer, Boehm, Fallon and Davis, JJ.