■ CLAUDINE M. TOMAIKO, Appellant, v STATE OF NEW YORK, Respondent. [622 NYS2d 99] —In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Silverman, J.), dated June 8, 1993, which, at the close of trial on the issue of liability only, dismissed the claim on the merits.

Ordered that the judgment is affirmed, with costs.

The appellant, Claudine Tomaiko, suffered a knee injury during a volleyball practice at the State University of New York at Stony Brook on November 1, 1990. The appellant was completing a spike shot during a practice drill when she landed with her leg fully extended, causing this injury. The appellant contends that the State has a duty to protect student athletes involved in extracurricular sports from increased risks, and that the distractive presence of a news cameraman on the opposite side of the court within two feet of the net created a risk which led to her injury.

The Court of Claims dismissed the claim on the merits upon the defendant's motion made at the close of the evidence. We affirm.

Contrary to the appellant's contention, the proper standard of review here is whether there was any interpretation of the evidence such that the trial court could have reasonably found for the defendant. Stated another way, a verdict should not be set aside as against the weight of the evidence unless the trier of fact could not have reached the verdict on any fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129). The court credited the testimony of the defendant's witnesses that the cameraman was not located immediately in front of the appellant at the time of her injury but rather was located on the sideline. The court's determination was supported by the evidence, and thus, the court's finding that the defendant did not breach its duty to safeguard the student athlete from unassumed, concealed, or unreasonably increased risks will not be disturbed (see, Benitez v New York City Bd. of Educ., 73 NY2d 650).

The appellant's remaining contentions are either unpreserved for appellate review or are without merit. Sullivan, J. P., Thompson, Copertino and Pizzuto, JJ., concur.