■ PETER FARACE, as Limited Administrator of the Estate of JOHN FARACE, Deceased, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 75154.) [698 NYS2d 376] —Judgment unanimously modified on the law and the facts and as modified affirmed without costs in accordance with the following Memorandum: Claimant commenced this action as limited administrator of the estate of his brother (decedent), who died while an inmate at Auburn Correctional Facility. Claimant offered expert proof that decedent died as a result of an asthma attack after correction officers refused to provide him with a refill of his asthma medication. Defendant offered expert proof that the death was caused by the combined effect of numerous drugs ingested by decedent.

We reject defendant's contention that the determination of liability is against the weight of the evidence. "On a bench trial, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence" (*Claridge Gardens v Menotti,* 160 AD2d 544, 544-545; *see, Thoreson v Penthouse Intl.,* 80 NY2d 490, 495, *rearg denied* 81 NY2d 835). The Court of Claims, after considering the conflicting evidence adduced at trial, concluded that the death of decedent was caused by asthma and that defendant's negligence in failing to comply with the request of decedent for asthma medication contributed to his death. A fair interpretation of the evidence, which included the report of

the coroner and her testimony adhering to the conclusions contained in that report, supports the court's conclusion. In addition, the evidence, viewed in the light most favorable to sustain the judgment (*see, Executive Park W. I v Koock Elan Jung,* 224 AD2d 990, 991, *lv denied* 88 NY2d 803), supports the court's determination attributing no liability to decedent.

We find, however, that the award of damages for conscious pain and suffering of $300,000 is excessive, and we modify that award by reducing it to $100,000. (Appeal from Judgment of Court of Claims, Midey, Jr., J.—Negligence.) Present—Denman, P. J., Green, Pine, Scudder and Callahan, JJ.