■ NIHAT KOJTARI et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 96105.) [723 NYS2d 87] —In a claim to recover damages for personal injuries, the claimant appeals from (1) a decision of the Court of Claims (Ruderman, J.), dated December 1, 1999, and (2) a judgment of the same court, dated December 14, 1999, which, upon the granting of the defendant's motion to dismiss the claim, made at the close of trial on the issue of liability only, dismissed the claim on the merits.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The injured claimant was walking on a rustic pathway near a beach within Lake Sebago State Park when he was injured

after slipping on sand which caused his foot to slide into a hole. The claimants brought this claim against the defendant for negligently owning, operating, maintaining, and repairing the pathway. The Court of Claims dismissed the claim on the merits upon the defendant's motion, made at the close of the evidence. We affirm.

A determination of the Court of Claims will not be set aside as against the weight of the evidence unless its conclusions could not have been reached under any fair interpretation of the evidence (*see, Tomaiko v State of New York,* 211 AD2d 782). Here, based on the dimensions and appearance of the alleged defect and the circumstances of the injury, the hole was a trivial defect which did not constitute a trap or nuisance (*see, Marinaccio v LeChambord Rest.,* 246 AD2d 514; *Liebl v Metropolitan Jockey Club,* 10 AD2d 1006; *Sullivan v State of New York,* 276 AD2d 989; *see also, Trincere v County of Suffolk,* 90 NY2d 976).

The claimants' remaining contentions are without merit. S. Miller, J. P., Friedmann, Feuerstein and Schmidt, JJ., concur.