JAMES D. SUPENSKY, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 96861.) [770 NYS2d 547]—

Appeal from a judgment of the Court of Claims (NeMoyer, J.), entered May 29, 2002, which found defendant "negligent and fully responsible for claimant's injuries."

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Claimant commenced this action to recover damages for injuries he sustained when he fell while descending an embankment used by claimant and his fellow workers to pass between different levels of a bridge reconstruction work site. At this stage, the action concerns the liability of defendant, State of New York (State), the owner of the site, under Labor Law § 241 (6) only. The State appeals from an interlocutory judgment finding it "negligent and fully responsible for claimant's injuries" under the statute on the basis of its violation of 12 NYCRR 23-1.7 (f) and 23-1.23 (b) and (d).

Contrary to the State's contention, the doctrine of law of the case and considerations of fairness did not bar the Court of Claims from considering the State's liability under 12 NYCRR

23-1.23. There is no indication either on this record or that presented to us on the prior appeal (*Supensky v State of New York,* 309 AD2d 1314 [2003]) that the court previously granted the State summary judgment on the issue of its liability based upon a violation of that regulation. We note that we have been provided only with the order in question, which by its terms "denied" the State "summary judgment with regard to Labor Law § 241 (6) . . . in particular as to the claimed violations of [12 NYCRR 23-1.7 (d) and (f)]." We read that order as at least an implicit denial of the State's motion for summary judgment dismissing the section 241 (6) claim insofar as predicated on an alleged violation of 12 NYCRR 23-1.23 (*see Boulevard Mall v Knight,* 300 AD2d 1017, 1018 [2002]; *Bald v Westfield Academy,* 298 AD2d 881, 882 [2002]; *Brown v U.S. Vanadium Corp.,* 198 AD2d 863, 864 [1993]).

Upon our review of the record, we conclude that the finding of liability under Labor Law § 241 (6), and the component findings with regard to negligence and the violation of the concrete specifications of 12 NYCRR 23-1.7 (f) and 23-1.23 (b) and (d), are based upon legally sufficient evidence and are not contrary to the weight of the credible evidence (*see Caldas v City of New York,* 284 AD2d 192 [2001]). We reach the same conclusions with regard to the court's finding that there was no comparative fault on the part of claimant. The evidence on all of those issues does not weigh so heavily in favor of the State that the court's "conclusions could not have been reached [upon] any fair interpretation of the evidence (*see Kojtari v State of New York,* 282 AD2d 437, 438 [2001]; *Tomaiko v State of New York,* 211 AD2d 782, 783 [1995])" (*Gallo v State of New York,* 292 AD2d 567, 567 [2002]).

Because of the inadequacy of the record on appeal, we decline to review the State's contention that the court should have precluded the testimony of claimant's safety expert based on a lack of proper expert disclosure (*see Le Roi & Assoc. v Bryant,* 309 AD2d 1144 [2003]). With respect to the State's challenge to the substance of the expert's testimony at trial, we note that the court sustained the State's objection to the elicitation of testimony from the expert concerning his opinion whether there had been a violation of the regulations. The court did not err in allowing claimant to elicit the expert's opinion concerning whether the conditions that allegedly caused claimant's injury were "unsafe." Even assuming, arguendo, that the court erred in admitting that testimony, we conclude that any error is harmless. The court is empowered to determine, with or without input from an expert, whether the conditions were "unsafe" for workers.

We further conclude that the State was not prejudiced by the court's failure to address the State's liability under 12 NYCRR 23-1.7 (d). We have considered the State's remaining contentions and conclude that they are without merit. Present—Green, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.