HEIDI GAROFALO, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 99452.) [794 NYS2d 269]—

Appeal from a judgment of the Court of Claims (Diane L. Fitzpatrick, J.), entered February 6, 2004. The judgment, after a trial, dismissed the amended claim.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Claimant commenced this action to recover damages for medical malpractice, alleging that the negligence of a clinic operated by defendant caused her to be injured. Claimant's treating osteopath had referred claimant to the clinic for, inter alia, a neurological assessment. Staff members at the clinic were unable to communicate with claimant for almost a month, whereupon she was scheduled for the next nonemergency appointment. She testified that, when she arrived for that appointment on June 26, 1997, staff members indicated that she was not in their computer system and that she should reschedule the appointment. The clinic's notes indicate that claimant failed to appear for the appointment. She rescheduled for July 31, 1997 but, on July 4, 1997, a blood vessel inside her spinal cord hemorrhaged, causing the injuries for which she seeks to recover. After a trial, the Court of Claims dismissed the amended claim, finding that no physician-patient relationship existed between the clinic and claimant and that defendant's conduct was not the legal cause of claimant's injuries.

We reject the contention of claimant that a physician-patient relationship was created when a resident at the clinic directed that a letter be sent to claimant, scheduling her for an appointment on a nonemergency basis. There is no basis for liability for medical malpractice unless the injured party can establish that he or she had a physician-patient relationship with the medical provider, as there is no legal duty in the absence of such a relationship (*see Gedon v Bry-Lin Hosps.*, 286 AD2d 892, 893-894 [2001], *lv denied* 98 NY2d 601 [2002]; *Megally v LaPorta*, 253 AD2d 35, 40 [1998]). Such a relationship "is created when the professional services of a physician are rendered to and accepted by another person for the purposes of medical or surgical treatment" (*Lee v City of New York*, 162 AD2d 34, 36 [1990], *lv denied* 78 NY2d 863 [1991]). The proof submitted by claimant failed to meet that threshold.

We reject the further contention of claimant that the verdict is against the weight of the evidence. The court's findings are entitled to great deference, as the court was in a position to observe the witnesses and view the evidence firsthand (*see Muhammad v State of New York*, 15 AD3d 807, 808 [2005]; *Morrisseau v State of New York*, 237 AD2d 803, 804 [1997]). The court's verdict will not be set aside as against the weight of the evidence " 'unless it can be plainly seen that the preponderance in favor of [claimant] is so great that the trier of facts could not have reached the conclusion upon any fair interpretation of the evidence' " (*Guyotte v State of New York*, 22 AD2d 975, 975 [1964], *lv denied* 15 NY2d 483 [1965]). While there is evidence

in the record that claimant's injuries might have been avoided if an appointment had been scheduled more promptly, there is also evidence, properly credited by the court, establishing that the blood vessel would have ruptured regardless of whether claimant had been seen earlier.

We have considered claimant's remaining contention and conclude that it is without merit. Present—Scudder, J.P., Kehoe, Martoche, Smith and Hayes, JJ.