■ NICHOLAS E. CAROLLO, Appellant, v TOWN OF COLDEN et al., Respondents, and HOLLAND CENTRAL SCHOOL DISTRICT et al., Appellants. [811 NYS2d 543]—

Appeals from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered March 15, 2005 in a personal injury action. The order, among other things, denied the motion of defendants Holland Central School District and James Makowski for summary judgment and granted the motion of defendant Town of Colden for summary judgment dismissing the complaint and all cross claims against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion of defendant Town of Colden in part and reinstating the complaint against it insofar as the complaint, as amplified by the bills of particulars, alleges that defendant Town of Colden negligently maintained the shoulder of Blanchard Road and reinstating the cross claim of defendants Holland Central School District and James Makowski against it and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking dam-

ages for injuries he sustained when his vehicle left the road and struck a tree. According to plaintiff, his vehicle was forced off the road by a school bus driven by defendant James Makowski for defendant Holland Central School District (School District). Plaintiff alleged that he drove onto the shoulder of the road upon encountering the school bus, lost control of his vehicle and then crossed the road to avoid striking the vehicle driven by defendant Jill Trawinski, who was heading down her driveway toward the road. Plaintiff further alleged that the road was negligently maintained by defendant Town of Colden (Town) and that Trawinski was negligent in the operation of her vehicle as she left her driveway to enter the road.

Supreme Court properly granted the cross motion of Trawinski for summary judgment dismissing the complaint and cross claims against her. Trawinski established as a matter of law that she had not yet entered the roadway and that she was not operating her vehicle in a negligent manner, and plaintiff failed to raise an issue of fact to defeat the cross motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We further conclude that the court properly denied the motion of Makowski and the School District for summary judgment dismissing the complaint and cross claims against them. Plaintiff raised an issue of fact by presenting the transcript of his General Municipal Law § 50-h hearing, wherein he testified that Makowski was partially in his lane of travel, causing plaintiff to swerve and lose control of his vehicle.

The court erred, however, in granting in its entirety the motion of the Town for summary judgment dismissing the complaint and cross claims against it. It is well settled that a municipality must maintain the shoulder of a highway in a reasonably safe condition for foreseeable uses, including those resulting from a driver's negligence or an emergency (*see generally Stiuso v City of New York*, 87 NY2d 889, 890-891 [1995]). Here, the Town conceded that there was a height differential between the road and the shoulder of the road because of ongoing construction and, according to the affidavit of plaintiff's expert submitted in opposition to, inter alia, the Town's motion, the differential was not in accordance with "good engineering and/or road construction" and was a "dangerous condition." We thus conclude that there is an issue of fact whether the Town maintained the shoulder of the road in a reasonably safe condition for foreseeable uses (*see id.*; *Gordon v County of Ontario*, 11 AD3d 891, 892 [2004]). We conclude, however, that the court properly granted those parts of the motion of the Town with respect to plaintiff's remaining allegations of negligence against

it. The alleged negligence of the Town in failing to provide signage is not relevant because it is uncontroverted that plaintiff was aware of the condition of the road, having traveled the road by automobile and bicycle on numerous occasions before the accident. With respect to the alleged negligence of the Town in failing to use lane markings, we note that the Town submitted an expert's affidavit establishing that there is no law, rule or regulation requiring road markings delineating lanes and that, even if there were such requirements, it would have been impossible to place pavement markings on the freshly oiled and stoned road surface in the area at issue herein. Thus, we modify the order accordingly. Present—Kehoe, J.P., Martoche, Smith, Pine and Hayes, JJ.