■ GINO P. LAMENDOLA, as Administrator of the Estates of DEBORAH LAMENDOLA and Others, Deceased, et al., Appellants-Respondents, v NEW YORK STATE THRUWAY AUTHORITY, Respondent-Appellant. (Claim No. 93133.) [828 NYS2d 734]—

Appeal and cross appeal from a judgment of the Court of Claims (Renee Forgensi Minarik, J.), entered December 10, 2004 in a wrongful death and personal injury action. The judgment, after a nonjury trial, awarded damages in favor of claimant Lee C. LaMendola, guardian of Paul LaMendola, Jr., in the amount of $1,193,187.50 and, guardian of Lauren LaMendola, in the amount of $1,076,255.13 and against defendant.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Claimants commenced this action seeking damages following an accident on the New York State Thruway in which the parents and siblings of claimants Paul LaMendola, Jr. (Paul Jr.), and Lauren LaMendola were killed. Following a bifurcated trial on liability and damages, claimants appeal and defendant cross-appeals from a judgment awarding Paul Jr. $850,000 and awarding Lauren $766,700. Contrary to the contention of claimants, the $666,700 awarded to Lauren for her emotional injury owing to being in the zone of danger (*see generally Bovsun v Sanperi*, 61 NY2d 219, 223-224, 228 [1984]) does not "deviate[ ] materially from what would be reasonable compensation" (CPLR 5501 [c]; *see Spinrad v Gasser*, 235 AD2d 687, 687-688 [1997]; *Hass v Manhattan & Bronx Surface Tr. Operating Auth.*, 204 AD2d 208, 208-209 [1994], *lv denied* 84 NY2d 811 [1994]). Contrary to the further contention of claimants, we conclude that the Court of Claims properly determined that claimants are not entitled to a lesser burden of proof under *Noseworthy v City of New York* (298 NY 76 [1948]) in attempting to prove their claim for pre-impact terror damages. In any event, the court's finding that the decedents did not suffer pre-impact terror is based on a fair interpretation of the evidence (*see Garofalo v State of New York*, 17 AD3d 1109, 1110 [2005], *lv denied* 5 NY3d 707 [2005]; *Supensky v State of New York*, 2 AD3d 1436, 1437 [2003]; *Farace v State of New York*, 266 AD2d 870 [1999]). Likewise, the court's findings that defendant's decision not to repave the passing lane where the accident occurred was based on an inadequate and unreasonable survey and that defendant's failure to maintain the highway in a reasonably safe condition was a proximate cause

of the accident are based on fair interpretations of the evidence (*see Garofalo,* 17 AD3d at 1110; *Supensky,* 2 AD3d at 1437; *Farace,* 266 AD2d 870 [1999]). We therefore leave undisturbed the court's determination on liability. Present—Hurlbutt, J.P., Smith, Centra and Pine, JJ.