DONNA JO WOJTASIK et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 95722.) [850 NYS2d 795]—

Appeal from a judgment of the Court of Claims (Nicholas V. Midey, Jr., J.), entered August 10, 2006 in a personal injury action. The judgment, after a nonjury trial, dismissed the claim.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Claimants commenced this action seeking damages for injuries sustained by claimant Donna Jo Wojtasik when her motor vehicle collided with a vehicle driven by a nonparty to this action (nonparty), and for the emotional distress of claimant Donna Myers, Donna Jo's mother, who was driving directly behind Donna Jo and witnessed the accident. At the time of the accident, the nonparty was driving south on the northbound side of Interstate 81 at an average speed of 90 miles per hour while being pursued by a State Trooper. Claimants alleged that defendant was liable for their injuries because the State Trooper supervising the pursuit of the nonparty's vehicle failed to respond to the pursuing State Trooper's requests for authorization to initiate "vehicle contact action," a maneuver whereby the pursuing Trooper would intentionally collide with the nonparty's vehicle in order to remove it from the highway. The Court of Claims dismissed the claim following a trial on the ground that the negligence of the supervising Trooper was not a proximate cause of the accident.

Viewing the evidence in the light most favorable to defendant, the prevailing party (*see Rauh v Conti*, 16 AD3d 1144 [2005]), we conclude that the court properly determined that the supervising Trooper was negligent in failing to respond to the requests of the pursuing Trooper for authorization to initiate vehicle contact action but that the supervising Trooper's negligence was not a proximate cause of the accident. When the nonparty left the southbound lane of Interstate 81 and entered the northbound lane traveling southbound, the pursuing Trooper radioed the dispatcher and stated that he was pursuing "a vehicle going the wrong way on 81." The communications were automatically recorded, and the "radio run sheet" indicates the time lapse between recorded verbal communications. The evidence established that the nonparty was traveling at speeds of up to 100 miles per hour toward oncoming traffic, and the pursuing Trooper testified that he requested permission to initiate vehicle contact action less than one minute after the pursuit began. The pursuing Trooper was unaware that his request was not received by the supervising Trooper because of radio interference, and thus his initial request is not reflected on the radio run sheet. Although the pursuing Trooper did not receive responses to his two subsequent requests, made 2 minutes, 20 seconds and 3 minutes after the pursuit began, he testified that, because of the limited sight distance and the excessive speed at which the vehicles were traveling, he believed he no longer had a realistic opportunity to initiate vehicle contact action when he made the subsequent requests. He further testified, however, that he would have attempted the maneuver without authorization had conditions allowed him to do so. The collision occurred 5 minutes, 16 seconds after the pursuit began. We conclude that the court's determination that the nonparty's actions were the sole proximate cause of the accident is supported by a fair interpretation of the evidence (*see Farace v State of New York*, 266 AD2d 870 [1999]). Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Pine, JJ.