■ CARROWAY LUXURY HOMES, LLC, Respondent, v INTEGRA SUPPLY CORPORATION, Appellant. [859 NYS2d 834]—

Appeal from an order of the Supreme Court, Onondaga County (John C. Cherundolo, J.), entered July 31, 2007. The order, insofar as appealed from, granted those parts of plaintiff's motion for partial summary judgment on liability and to strike the amended answer with the exception of the first affirmative defense.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in its entirety and the amended answer is reinstated in its entirety.

Memorandum: Plaintiff commenced this action seeking damages for "construction delays and business expenses" that arose when a forklift rented by plaintiff from defendant rolled over while being operated by plaintiff's subcontractor. Defendant interposed affirmative defenses asserting, inter alia, that the damages sought by plaintiff are consequential and are therefore barred by the written rental agreement; that defendant did not represent to plaintiff that the forklift was fit for the use intended by plaintiff; and that any damages are the result of the reckless operation of the equipment by plaintiff's subcontractor. Defendant also asserted counterclaims seeking, inter alia, the cost of repairing the forklift. It is undisputed that defendant sold the forklift before plaintiff was able to examine it, and plaintiff thus moved, inter alia, to strike defendant's amended answer, which included affirmative defenses and counterclaims, and for partial summary judgment on liability and sanctions based on defendant's alleged intentional spoliation of evidence. Supreme Court granted those parts of the motion for partial summary judgment on liability and to strike the amended answer, with the exception of the first affirmative defense. We conclude that the court abused its discretion in granting those parts of plaintiff's motion before the parties had engaged in discovery.

"[S]triking a pleading is a drastic sanction to impose in the absence of willful or contumacious conduct [and we conclude that it is premature] to determine whether such drastic relief is necessary as a matter of fundamental fairness" (*Iannucci v Rose*, 8 AD3d 437, 438 [2004]; *see Wetzler v Sisters of Charity Hosp.*, 17 AD3d 1088, 1089 [2005]). Indeed, the record is insufficient to determine whether the unavailability of the forklift for examination will "deprive the plaintiff of the means to prove [its] case" or to establish its defenses to the counterclaims (*Ian-*

*nucci*, 8 AD3d at 438), and thus less severe sanctions may be appropriate. We therefore note that plaintiff may renew its motion after the completion of discovery. Present—Scudder, P.J., Hurlbutt, Smith, Fahey and Gorski, JJ.