■ BRANDON WILLIAM GARDNER, Individually and as Administrator with Will Annexed of the Estate of WILLIAM G. GARDNER, Deceased, et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 109520.) Appellant. [914 NYS2d 537]—

Appeal from a judgment of the Court of Claims (Diane L. Fitzpatrick, J.), entered November 5, 2009 in a wrongful death action. The judgment dismissed the claim after a trial.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the claim is reinstated, judgment on liability is granted in favor of claimants and the matter is remitted to the Court of Claims for a trial on the issue of damages only.

Memorandum: Claimants commenced this wrongful death action seeking damages for the fatal injuries sustained by decedent when the vehicle he was driving slid across the roadway while passing over a highway bridge (bridge), struck a snowbank packed against the concrete barrier guard at the edge of the bridge and vaulted off the bridge onto a roadway below. Another fatal accident had previously occurred in approximately the same manner and the same location 36 hours prior to decedent's accident. Defendant removed the snowbank from the bridge only after decedent's accident. According to claimants, defendant was negligent in, inter alia, creating the dangerous condition of the snowbank, which rendered the concrete barrier guard ineffective, failing to maintain the bridge in a safe condition, failing to warn of that dangerous condition, and failing to close the bridge in the event that it could not be made safe for travelers.

Following a trial, the Court of Claims determined that the snow piled against the highway's concrete barrier guard constituted a dangerous condition of which defendant had notice. Nevertheless, the court concluded that, based on the continuing weather pattern, defendant did not have "resources and manpower" to remedy the dangerous condition between the time of the first fatal accident and decedent's accident, and the court therefore dismissed the claim. Viewing the evidence in the light most favorable to the prevailing party, we conclude that the court's decision could not have been reached under any fair interpretation of the evidence (*see generally Matter of City of Syracuse Indus. Dev. Agency [Alterm, Inc.]*, 20 AD3d 168, 170 [2005]; *Farace v State of New York*, 266 AD2d 870 [1999]).

Defendant has a duty to maintain its roadways "in a reasonably safe condition for foreseeable uses, including those uses resulting from a driver's negligence or an emergency" (*Stiuso v City of New York*, 87 NY2d 889, 891 [1995]; *see Carollo v Town of Colden*, 27 AD3d 1077, 1078 [2006]). That duty includes "an obligation to provide and maintain adequate and proper barriers along its highways" (*Gomez v New York State Thruway Auth.*, 73 NY2d 724, 725 [1988]). Defendant argued at trial that its response to the first fatal accident, i.e., continuing its regular snow and ice removal operations on the bridge, was reasonable because it was in conformity with New York State Department of Transportation guidelines for snow and ice removal. We conclude, however, that those guidelines were "evolved without adequate study or lacked reasonable basis" (*Weiss v Fote*, 7 NY2d 579, 589 [1960], *rearg denied* 8 NY2d 934 [1960]), inasmuch as they provide for the correction of a dangerous

condition, such as a slippery roadway, before the correction of a *deadly* condition, such as the snowbank "ramp" at issue. Although defendant's expert witness testified that defendant had no option following the first fatal accident other than to continue regular snow and ice removal from the traveling lanes of the bridge, we conclude that his testimony is not supported by the meteorological evidence (*see generally Romano v Stanley*, 90 NY2d 444, 451-452 [1997]; *Silverman v Sciartelli*, 26 AD3d 761, 762 [2006]). Only 2.1 inches of snow fell between the two accidents, including 0.2 inches of snow that fell on the day of decedent's accident. There is no fair interpretation of the evidence that defendant's response to a *deadly* condition by removing minimal snow and ice accumulations while failing to remove the snowbank that had caused the fatality was reasonable (*cf. Hart v State of New York*, 43 AD3d 524, 525 [2007]; *Farace*, 266 AD2d 870 [1999]). Indeed, based on the record before us, we conclude that the relevant conditions and circumstances, including defendant's failure to remedy the snowbank once it had actual notice of that condition, establish that defendant was negligent and that its negligence was a proximate cause of decedent's accident (*see generally Hart*, 43 AD3d at 525).

We therefore reverse the judgment, reinstate the claim, grant judgment on liability in favor of claimants and remit the matter to the Court of Claims for a trial on the issue of damages only. Present—Smith, J.P., Fahey, Lindley, Sconiers and Gorski, JJ.