# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**997**

**CA 09-01214**

PRESENT: SCUDDER, P.J., SMITH, LINDLEY, SCONIERS, AND GORSKI, JJ.

---

JESSIE J. BARNES, CLAIMANT-APPELLANT,

V                                                          MEMORANDUM AND ORDER

THE STATE OF NEW YORK, DEFENDANT-RESPONDENT.
(CLAIM NO. 100753.)

---

JESSIE J. BARNES, CLAIMANT-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Court of Claims (Jeremiah J. Moriarty, III, J.), entered May 28, 2009. The judgment dismissed the amended claim.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Claimant commenced this action seeking damages for injuries he allegedly sustained during an altercation with correction officers while he was an inmate at the Collins Correctional Facility (facility). According to claimant, he also received inadequate medical treatment for his injuries from a nurse at the facility. Following a trial, the Court of Claims granted judgment in favor of defendant. We affirm.

We reject the contention of claimant that the court failed to impose an appropriate sanction for defendant's failure to preserve and produce the original videotapes of the incident, which was recorded by two surveillance cameras in the facility. Although defendant provided claimant with a single videotape that contained copies of the two original videotapes prior to trial, the court ordered defendant to produce the originals at trial so that they could be compared to the single copy. Defendant failed to do so, explaining that the original videotapes had been lost. The court therefore precluded defendant from admitting in evidence the copy of the videotapes, which was favorable to defendant. We conclude that, in the absence of evidence that defendant intentionally destroyed the original videotapes or that the copy omitted relevant portions of the incident, preclusion was an appropriate sanction (*see Hulett v Niagara Mohawk Power Corp.*, 1 AD3d 999, 1002), and the court's ruling did not constitute an abuse of discretion (*see generally Iannucci v Rose*, 8 AD3d 437). We reject claimant's further contention that the court should have struck

defendant's answer as a spoliation sanction.  " '[S]triking a pleading is a drastic sanction to impose in the absence of willful or contumacious conduct' " (*Carroway Luxury Homes, LLC v Integra Supply Corp.*, 52 AD3d 1187, 1188), and such a sanction was not warranted here (*see Koehler v Midtown Athletic Club, LLP*, 55 AD3d 1444).

We reject claimant's further contention that the verdict is against the weight of the evidence.  With respect to the medical malpractice claim, claimant failed to present evidence establishing that the medical treatment provided to him following the incident constituted a departure from accepted medical practice.  With respect to the claim based upon the use of excessive force, all of the correction officers involved in the incident testified that the level of force used was appropriate to the situation, and claimant's contention to the contrary is belied by the evidence establishing that he received only minor injuries.  Indeed, claimant sustained no cuts, bruises or fractured bones, and the only injuries observed by a nurse following the incident were a scrape to his cheek and marks on his wrists and ankles, in the approximate locations where claimant had been wearing arm and leg restraints.  "The court's findings are entitled to great deference, [inasmuch] as the court was in a position to observe the witnesses and view the evidence firsthand" (*Garofalo v State of New York*, 17 AD3d 1109, 1110, *lv denied* 5 NY3d 707), and we conclude that the verdict is supported by a fair interpretation of the evidence (*see id.*).

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court