# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

63

CA 11-01698

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GORSKI, JJ.

---

PETER E. GREVELDING, JR., AS EXECUTOR OF THE
ESTATE OF JASON M. RHOADES, DECEASED,
CLAIMANT-APPELLANT,

V                                        MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.
(CLAIM NO. 109855.)

---

MACKENZIE HUGHES LLP, SYRACUSE (W. BRADLEY HUNT OF COUNSEL), FOR
CLAIMANT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PAUL GROENWEGEN OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Court of Claims (Diane L. Fitzpatrick, J.), entered November 8, 2010 in a wrongful death action. The judgment dismissed the claim after a trial on liability.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the claim is reinstated, judgment on liability is granted in favor of claimant and the matter is remitted to the Court of Claims for a new trial on the issues of decedent's contributory negligence, if any, and damages in accordance with the following Memorandum: Claimant commenced this wrongful death action seeking damages for the fatal injuries sustained by decedent when the vehicle he was driving slid across the roadway while passing over the Park Street bridge (bridge) on Interstate 81 in the City of Syracuse, struck a snowbank packed against the concrete barrier guard at the edge of the bridge, and vaulted off the bridge onto the road below. The evidence presented at trial established that defendant removed the snowbank from the bridge only after a second fatal vaulting accident occurred, approximately 36 hours after decedent's accident. According to claimant, defendant was negligent in, inter alia, creating the dangerous condition of the snowbank, which rendered the concrete barrier guard ineffective, failing to maintain the bridge in a safe condition, failing to warn of that dangerous condition, and failing to close the bridge in the event that it could not be made safe for travelers.

Following the trial, the Court of Claims determined that the snowbank, which had a hard core and extended above the highway's concrete barrier, constituted a dangerous condition and was a proximate cause of decedent's accident. The court found that

defendant created the snowbank by its snow plowing methods, but that it did not thereby create the dangerous condition, which resulted from "passive accumulation to an unsafe height and consistency, or nonfeasance in removal," coupled with the extreme and persistent weather.  The court also found that defendant did not have actual or constructive notice of the dangerous condition and that, even if it could be deemed to have constructive notice, defendant did not have an opportunity to remedy the condition.  Viewing the evidence in the light most favorable to the prevailing party, we conclude that the court's conclusions could not have been reached under any fair interpretation of the evidence (*see generally Matter of City of Syracuse Indus. Dev. Agency [Alterm, Inc.]*, 20 AD3d 168, 170; *Farace v State of New York*, 266 AD2d 870).

Defendant has a duty to maintain its roadways "in a reasonably safe condition for foreseeable uses, including those uses resulting from a driver's negligence or an emergency" (*Stiuso v City of New York*, 87 NY2d 889, 891; *see Carollo v Town of Colden*, 27 AD3d 1077, 1078).  That duty includes "an obligation to provide and maintain adequate and proper barriers along its highways" (*Gomez v New York State Thruway Auth.*, 73 NY2d 724, 725).  We conclude that defendant was negligent in creating the dangerous condition by its snow plowing methods.  As we determined in *Gardner v State of New York* (79 AD3d 1635), the case involving the fatal accident on the same bridge that occurred 36 hours later, defendant's reliance on New York State Department of Transportation guidelines for snow and ice removal is misplaced.  "[T]hose guidelines were 'evolved without adequate study or lacked reasonable basis' . . . inasmuch as they provide for the correction of a dangerous condition, such as a slippery roadway, before the correction of a *deadly* condition, such as the snowbank 'ramp' at issue" (*id*. at 1636-1637; *see generally Weiss v Fote*, 7 NY2d 579, 589, *rearg denied* 8 NY2d 934).

As demonstrated by the evidence presented at trial, vaulting accidents are rare.  Nevertheless, although they are rare, the evidence presented at trial also established that certain state highway bridges are much more susceptible than others to winter vaulting accidents, and it is undisputed that a vaulting accident had previously occurred on the instant bridge 10 years earlier.  We further note that decedent's accident was the first of two accidents that occurred on the instant bridge over a single weekend.  We thus conclude under the circumstances of this case that defendant is liable for creating the dangerous condition, which was a proximate cause of decedent's accident.  However, we reject claimant's further contention that there is no evidence that decedent was negligent or that his negligence was a proximate cause of the accident.  We therefore reverse the judgment, reinstate the claim, conclude as a matter of law that defendant was negligent and that its negligence was a proximate cause of decedent's accident, and remit the matter to the Court of Claims for a new trial on the issues of decedent's alleged contributory negligence and damages, to be apportioned in the event that contributory negligence on the part of decedent is found (*see*

CPLR 1411).