# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

572.1
CA 11-02058
PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

IN THE MATTER OF FFT SENIOR COMMUNITIES, INC.,
PETITIONER-RESPONDENT,

V                                    MEMORANDUM AND ORDER

TOWN OF CANANDAIGUA, BOARD OF ASSESSMENT REVIEW
FOR TOWN OF CANANDAIGUA AND COUNTY OF ONTARIO,
RESPONDENTS-APPELLANTS.

HISCOCK & BARCLAY, LLP, ROCHESTER (JAMES S. GROSSMAN OF COUNSEL), FOR RESPONDENTS-APPELLANTS.

BIERSDORF & ASSOCIATES, P.A., MINNEAPOLIS, MINNESOTA (DAN BIERSDORF OF COUNSEL), FOR PETITIONER-RESPONDENT.

-------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Ontario County (Kenneth R. Fisher, J.), entered December 20, 2010 in a proceeding pursuant to RPTL article 7.  The order reduced the tax assessments for petitioner for the years 2006-2007, 2007-2008, and 2008-2009.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Respondents appeal from an order in which Supreme Court reduced the tax assessments of petitioner for the tax years 2006-2007, 2007-2008, and 2008-2009.  Both respondents and petitioner presented expert testimony regarding the highest and best use of the property.  We note that, in this bench trial, although our authority is as broad as that of the trial court (*see Don Vito v State of New York*, 182 AD2d 1070, 1071), we nevertheless will not disturb the decision of the fact-finding court on appeal unless it is obvious that the court's conclusions could not have been reached under any fair interpretation of the evidence (*see Farace v State of New York*, 266 AD2d 870, 870).  We conclude that the court properly applied the principles enunciated in *Matter of Miriam Osborn Mem. Home Assn. v Assessor of City of Rye* (80 AD3d 118) with respect to the entrance fees charged by petitioner and that, under the circumstances, there is no reason to disturb the court's determination with respect to the assessment reductions.

Entered:  June 8, 2012                           Frances E. Cafarell
                                                 Clerk of the Court