# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**673**

**CA 14-01762**

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, SCONIERS, AND WHALEN, JJ.

---

PETER E. GREVELDING, JR., AS EXECUTOR OF THE
ESTATE OF JASON M. RHOADES, CLAIMANT-RESPONDENT,

                    V                                MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-APPELLANT.
(CLAIM NO. 109855.)
(APPEAL NO. 2.)

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FREDERICK A. BRODIE OF
COUNSEL), FOR DEFENDANT-APPELLANT.

MACKENZIE HUGHES LLP, SYRACUSE (W. BRADLEY HUNT OF COUNSEL), FOR
CLAIMANT-RESPONDENT.

---

     Appeal from a judgment of the Court of Claims (Diane L.
Fitzpatrick, J.), entered July 16, 2014. The judgment awarded
claimant money damages after a trial.

     It is hereby ORDERED that the judgment so appealed from is
modified on the law by setting aside the award of damages for past and
future loss of parental guidance, and as modified the judgment is
affirmed without costs, and a new trial is granted on damages for past
and future loss of parental guidance only unless claimant, within 20
days of service of a copy of the order of this Court with notice of
entry, stipulates to reduce the award of damages for past loss of
parental guidance to $500,000 per child, and the award of damages for
future loss of parental guidance to $900,000 for decedent's son and
$1,000,000 for decedent's daughter, in which event the judgment is
modified accordingly and as modified the judgment is affirmed without
costs.

     Memorandum:  Claimant's decedent died of injuries he sustained
when the vehicle he was driving vaulted off of the Park Street bridge
over Interstate 81 in the City of Syracuse, flipped over in mid-air,
and landed on its roof.  The evidence at trial established that
defendant plowed the snow from the bridge surface so that it formed an
inclined snowbank that acted as a ramp extending from the road surface
of the bridge to the top of the concrete barrier guard at the edge of
the bridge.  Decedent started to cross the bridge but lost control of
his vehicle on the icy surface, slid up the ramped snowbank, and
vaulted over the barrier, dropping to the pavement below.  Defendant
removed the snowbank from the bridge only after a second fatal
vaulting accident occurred 36 hours later at the same location.

Claimant commenced this action seeking damages for, inter alia, wrongful death. Following a trial on liability, the Court of Claims dismissed the claim but, on appeal, we "conclude[d] under the circumstances of this case that defendant is liable for creating the dangerous condition, which was a proximate cause of decedent's accident" (*Grevelding v State of New York*, 91 AD3d 1309, 1310). We remitted the matter for "a new trial on the issues of decedent's alleged contributory negligence and damages, to be apportioned in the event that contributory negligence on the part of decedent is found" (*id*. at 1311). At the conclusion of the new trial, the court held "that [d]efendant has not established that any comparative negligence of [decedent] contributed to the cause of his injuries and death," and granted judgment in favor of claimant, including an award of damages of $900,000 to each of decedent's two children for past loss of parental care, guidance, and nurturing (hereafter, parental guidance), and an award of damages of $1,100,000 to decedent's son and $1,300,000 to decedent's daughter for future loss of parental guidance.

Defendant contends that decedent was negligent by, among other things, operating the vehicle with inadequate tires, pulling a trailer that was loaded unevenly, and failing to activate the vehicle's four-wheel-drive mode, that such negligence was a proximate cause of decedent's injuries, and that the court therefore erred in not apportioning any liability to decedent. We reject that contention. Mindful that the findings of the court are entitled to deference because it was in a position to observe the witnesses and view the evidence firsthand (*see Muhammad v State of New York*, 15 AD3d 807, 808; *Morrisseau v State of New York*, 237 AD2d 803, 804), we conclude that there is a " 'fair interpretation of the evidence' " supporting the court's finding that defendant failed to meet its burden of establishing that decedent was negligent, and its finding that, even assuming, arguendo, decedent was negligent, such negligence was not a proximate cause of decedent's injuries (*Guyotte v State of New York*, 22 AD2d 975, 975, *lv denied* 15 NY2d 483). Indeed, the evidence supports the court's finding that, even if decedent was negligent in the operation of his vehicle, such negligence would not have resulted in the vehicle leaving the roadway. Rather, the snow ramp defendant negligently created was the sole proximate cause of decedent's vehicle vaulting over the concrete guard barrier. Thus, the court reasonably concluded based on the evidence that defendant's negligence in creating the dangerous condition that rendered the concrete barrier guard ineffective was the sole proximate cause of decedent's injuries (*see generally Popolizio v County of Schenectady*, 62 AD3d 1181, 1183-1184; *Starr v Cambridge Homeowners Assn.*, 300 AD2d 779, 780).

We reject defendant's contention that the court's award of damages was duplicative insofar as it included damages for both loss of inheritance and economic damages (*see e.g. Motelson v Ford Motor Co.*, 101 AD3d 957, 962-963, *affd* 24 NY3d 1025). Defendant's further contention that the award of damages for loss of inheritance is speculative is without merit. "The calculation of damages for loss of inheritance is generally a question of fact for the [factfinder], and does not require 'dollars and cents proof' " (*id.* at 962, quoting *Parilis v Feinstein*, 49 NY2d 984, 985). Here, we conclude that the

award of damages for loss of inheritance was properly "based upon the decedent's age, character, earning capacity, life expectancy, and the circumstances of the distributees" (*id*. at 962-963).

We further conclude, however, that the award of damages for loss of parental guidance deviates materially from what would be considered reasonable compensation and therefore must be set aside (*see* CPLR 5501 [c]). We instead conclude that awards of damages of $500,000 per child for past loss of parental guidance, and $900,000 for decedent's son and $1,000,000 for decedent's daughter for future loss of parental guidance would be reasonable compensation for the children's losses (*see Carlson v Porter* [appeal No. 2], 53 AD3d 1129, 1133-1134, *lv denied* 11 NY3d 708; *Adderley v City of New York*, 304 AD2d 485, 486, *lv denied* 100 NY2d 511; *cf. Snuzski v Wright*, 34 AD3d 1235, 1236, *appeal dismissed* 8 NY3d 980; *Bogen v State of New York*, 5 AD3d 521, 521). We therefore modify the judgment accordingly, and we grant a new trial on damages for past and future loss of parental guidance only unless claimant, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of damages for past loss of parental guidance to $500,000 per child and for future loss of parental guidance to $900,000 for decedent's son and $1,000,000 for decedent's daughter, in which event the judgment is modified accordingly.

All concur except SCONIERS, J., who is not participating.

Entered:  October 9, 2015                    Frances E. Cafarell
                                             Clerk of the Court