# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1385**
**CA 15-00287**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, VALENTINO, AND DEJOSEPH, JJ.

---

BRANDON WILLIAM GARDNER, INDIVIDUALLY AND
AS ADMINISTRATOR WITH WILL ANNEXED OF THE
ESTATE OF WILLIAM G. GARDNER, DECEASED,
CYNTHIA ANN GARDNER AND RYAN J. GARDNER,
CLAIMANTS-RESPONDENTS-APPELLANTS,

V                                        MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-APPELLANT-RESPONDENT.
(CLAIM NO. 109520.)

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FREDERICK A. BRODIE OF
COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.

ANTHONY F. ENDIEVERI, CAMILLUS, FOR CLAIMANTS-RESPONDENTS-APPELLANTS.

---------------------------------------------------------------------------------

Appeal and cross appeal from a judgment of the Court of Claims
(Diane L. Fitzpatrick, J.), entered October 6, 2014. The judgment
awarded claimants money damages in a structured judgment.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by setting aside the award of damages
for past loss of support, and as modified the judgment is affirmed
without costs, and a new trial is granted on damages for past loss of
support only unless claimants, within 20 days of service of a copy of
the order of this Court with notice of entry, stipulate to reduce the
award of damages for past loss of support to $175,000 for decedent's
older son and $250,000 for decedent's younger son, in which event the
judgment is modified accordingly and as modified the judgment is
affirmed without costs.

Memorandum: Claimants' decedent died of injuries he sustained
when the vehicle he was driving slid across the roadway, struck a
snowbank packed against the concrete barrier, and vaulted off the
highway bridge onto the roadway below. Following a trial on
liability, the Court of Claims dismissed the claim, but on appeal we
concluded that defendant was negligent and that its negligence was a
proximate cause of decedent's accident (*Gardner v State of New York*,
79 AD3d 1635, 1637). We thus granted judgment on liability and
remitted the matter to the Court of Claims for a trial on the issues
of damages only (*id.*). Defendant now appeals and claimants cross-
appeal from the judgment awarding damages for, inter alia, loss of
inheritance, past and future loss of financial support, past and
future loss of parental guidance, and preimpact terror.

     With respect to the award of damages for loss of inheritance, we reject claimants' contention that the court erred in using a personal consumption rate of 45%.  Claimants' expert used a personal consumption rate of 28.5%, while defendant's expert used a rate of 95-99%.  The court properly concluded that the figure used by defendant's expert was too high in light of the evidence that decedent was frugal, but claimants' expert failed to consider decedent's spending habits the few years prior to his death and his limited assets at the time of his death.  The court's determination is not against the weight of the evidence (*see generally Black v State of New York* [appeal No. 2], 125 AD3d 1523, 1524-1525).  We further reject claimants' contention that the court erred in awarding claimants only 50% of the amount it determined that decedent would have accumulated in savings and investments at his normal life expectancy.  The award of damages for loss of inheritance "may be based upon the decedent's age, character, earning capacity, [and] life expectancy, and the circumstances of the distributees" (*Motelson v Ford Motor Co.*, 101 AD3d 957, 962-963, *affd* 24 NY3d 1025).  We conclude that the court considered those factors in its determination, which is not against the weight of the evidence (*see generally Black*, 125 AD3d at 1524-1525).

     We reject defendant's contention that the court erred in directing the award of damages for loss of inheritance to be paid in periodic payments pursuant to CPLR 5041 (e).  Defendant relies on CPLR 5041 (b) in arguing that the award should have been paid in a lump sum, but we reject that argument.  CPLR 5041 (b) provides, in relevant part, that "[t]he court shall enter judgment in lump sum for past damages, for future damages not in excess of [$250,000], and for any damages, fees or costs payable in lump sum or otherwise under subdivisions (c) and (d) of this section."  CPLR 5041 (b) is not applicable because the loss of inheritance award does not constitute past damages (*see generally Milbrandt v Green Refractories Co.*, 79 NY2d 26, 33), or future damages less than $250,000, and CPLR 5041 (c) and (d) are not applicable.  Although defendant contends that this was an oversight by the Legislature, we note that, "[i]f a change should be made, it is for the Legislature, and not the courts, to make" (*Liff v Schildkrout*, 49 NY2d 622, 634).

     We agree with defendant that the award of damages for past loss of financial support, i.e., the 8½ years between the date of the accident and the date of the court's decision, is not supported by the evidence and must be set aside (*see generally Carlson v Porter* [appeal No. 2], 53 AD3d 1129, 1133-1134, *lv denied* 11 NY3d 708; *Allison v Erie County Indus. Dev. Agency*, 35 AD3d 1159, 1161).  Damages may be recovered for the loss of support to claimants (*see Gonzalez v New York City Hous. Auth.*, 77 NY2d 663, 668).  The court "may consider both the evidence of the support decedent provided to the [claimants] before [his] death and evidence of the support the [claimants] could reasonably have expected but for [his] death" (*Valicenti v Valenze*, 68 NY2d 826, 829).  The court's awards of damages for past loss of financial support of $275,100 for decedent's older son, who was 19 years old at the time of decedent's death, and $473,400 for decedent's younger son, who was 15 years old at the time of decedent's death, are not supported by the evidence.  We instead conclude that an award of

damages of $175,000 for the older son and $250,000 for the younger son for past loss of financial support are the maximum amounts that are supported by the evidence (*see generally Allison*, 35 AD3d at 1161). We therefore modify the judgment accordingly, and we grant a new trial on damages for past loss of financial support only unless claimants, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to reduce the award of damages for past loss of financial support to $175,000 for decedent's older son and $250,000 for decedent's younger son, in which event the judgment is modified accordingly.  Contrary to defendant's further contention, the award of damages for future loss of financial support is supported by the evidence.

We reject defendant's contention that the award of damages for past and future loss of parental guidance deviates materially from what would be considered reasonable compensation (*see* CPLR 5501 [c]). Here, decedent's children were teenagers, but it is well settled that an award of damages for loss of parental guidance is not limited to children, and the court may even award damages to financially independent adults (*see Gonzalez*, 77 NY2d at 668-669).  We decline to disturb the award, which totaled $875,000 for both children for both past and future loss of parental guidance.  Contrary to claimants' contention, the award of $250,000 for preimpact terror did not deviate materially from what would be reasonable compensation (*see generally Lang v Bouju*, 245 AD2d 1000, 1001; *cf. Klos v New York City Tr. Auth.*, 240 AD2d 635, 636-638, *lv dismissed* 91 NY2d 846, 885).

Defendant contends that, on the prior appeal, we should have directed that on remittal there should also be a new trial on the issue of decedent's alleged contributory negligence, as we did in the similar case of *Grevelding v State of New York* (91 AD3d 1309, 1310-1311).  That contention, however, was raised by the claimant in the appeal in *Grevelding*, and it was not raised in the prior appeal in this case.  We note in any event that, "even if decedent was negligent in the operation of his vehicle, such negligence would not have resulted in the vehicle leaving the roadway.  Rather, the snow ramp defendant negligently created was the sole proximate cause of decedent's vehicle vaulting over the concrete guard barrier" (*Grevelding v State of New York* [appeal No. 2], 132 AD3d 1332, 1334).

Entered:  December 31, 2015                    Frances E. Cafarell
                                               Clerk of the Court